## NORRIS & SMITH v. BOGATA NAT. BANK. (No. 2629.)

(Court of Civil Appeals of Texas. Texarkana. Dec. 12, 1922. Rehearing Denied Dec. 14, 1922.)

1. Bills and notes ⬅489(3)—Testimony as to payment by execution of new note not admissible under general plea of payment.

In payee's action against makers and indorsers, in which the makers pleaded payment and want of consideration, and there was testimony that makers had executed note to cover a loan by payee to indorsers, testimony that indorsers executed a new note and trust deed to payee to take up, pay off, and extinguish the original note *held* not admissible to prove payment of renewal of original note under Vernon's Sayles' Ann. Civ. St. 1914, art. 1907, authorizing proof only of payment in money under a general plea of payment.

2. Bills and notes ⬅503—Evidence as to makers' execution of new note to payee to extinguish original note held admissible to prove want of consideration for renewal of original note on which action was brought.

In payee's action against makers and indorsers, in which the makers pleaded payment and want of consideration, and there was testimony that makers had executed note to cover a loan by payee to indorsers, testimony that indorsers executed a new note and trust deed to payee to take up, pay off, and extinguish the original note *held* admissible to prove that the renewal note on which the action was brought was without consideration, in that the original note which it renewed had been paid.

3. Bills and notes ⬅430—Where so agreed, new note may be payment of old note.

Where the parties agreed that a new note and trust deed were made "to take up, pay off, and extinguish" another note, and payee accepted it for that purpose, the old note was paid by the new one.

Appeal from District Court, Red River County; H. F. O'Neal, Judge.

Suit by the Bogata National Bank against Norris & Smith, and others. Judgment for plaintiff, and the named defendants appeal. Reversed and remanded.

The suit was by appellee against appellants as makers and J. T. Griffis and C. J. C. Devlin as indorsers of a promissory note dated August 3, 1921, and payable November 1, 1921, in appellee's favor for $1,679.30, interest, and attorney's fees. The appeal is by Norris & Smith alone from a judgment on an instructed verdict in appellee's favor against them and Devlin for the amount of the note and in favor of Griffis (a bankrupt) for costs.

It appeared from the testimony heard at the trial that on April 17, 1920, Griffis and Devlin, in business as partners, were indebted to appellants in the sum of $1,424.37. On that day appellants made and delivered a note to appellee whereby they promised to pay it $1,424.37. According to testimony adduced by appellants the note was indorsed by Griffis & Devlin at the time it was made, while according to testimony on behalf of appellee it was indorsed by Griffis, but not by Devlin. At the time the note was made appellee credited appellants with the amount thereof on its books, and within a few days thereafter paid appellants' check on it for the amount. The note was renewed January 29, 1921, by another note made by appellants for the amount thereof and accrued interest. And another renewal note was made by appellants August 3, 1921, for the amount of the principal debt and interest accrued to that date. The note last mentioned is the one sued on.

Appellants claimed they were not liable to appellee because, they said, the original note was to cover a loan appellee made to Griffis & Devlin, and was signed by them as makers at the solicitation and for the accommodation of appellee, who wished to and could not make the loan to Griffis & Devlin on a note signed by them as makers, without violating banking laws; that the original note and the renewal of it sued on therefore was without consideration to appellants; and, further, that they were induced to execute the notes as makers in reliance upon the assurance of one Cain, appellee's active vice president, that appellee would look to Griffis & Devlin for payment of the notes, and not to them. Appellants further claimed that the note sued on was paid by Griffis before the suit was instituted, and also it was without a consideration to them. And in their answer appellants alleged that the representations by Cain above referred to were fraudulently made by him, and they prayed that he be made a party to the suit, and that they have judgment over against him for the amount, if any, appellee recovered against them. Cain thereupon made himself a party to the suit by filing an answer to appellants' claim of a right to recover against him in the event appellee recovered against them. The judgment was in Cain's favor.

Prentice Wilson and Lennox & Lennox, all of Clarksville, for appellants.

Geo. Morrison and A. L. Robbins, both of Clarksville, for appellee.

WILLSON, C. J. (after stating the facts as above). The judgment in favor of appel-

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

lee against appellants was predicated on a verdict returned in conformity to a peremptory instruction given the jury by the court.

Appellants insist it was error to so instruct the jury, because, they say, it appeared from the testimony that appellants made the original note, and the renewal note, sued on as well, for the accommodation of appellee. We do not agree it so appeared. The view most favorable to appellants which can be taken of the testimony is that it appeared therefrom that they were not the borrowers of the money, and that they signed the note as makers to enable Griffis & Devlin to borrow it of appellee to pay a debt Griffis & Devlin owed. Plainly, in that view, the accommodated parties in the transaction were Griffis & Devlin, and not appellee.

In support of their pleas of payment and lack of consideration to them for making the note sued on, appellants offered to prove by the wife of said J. T. Griffis and other witnesses that after the execution of the original note, and before the execution of either of the renewal notes, to wit, on January 7, 1921, she and said Griffis, in conformity to an agreement they had with appellee, made a note for $20,000 to appellee, securing same by a trust deed on 529 acres of land, "to take up, pay off and extinguish" said original note and other indebtedness of said Griffis to appellee. The testimony was objected to on the ground that appellants' pleadings did not entitle them to make such proof, on the ground that the note sued on was made long after the time when the $20,000 note and trust deed were made, and on the ground that it was irrelevant and immaterial. The action of the trial court in sustaining the objection and excluding the testimony is assigned as error.

The pleas referred to were general ones, that the note sued on had been paid, and that it was without a consideration to appellants.

[1] The rule is that a general plea of payment authorizes proof only of payment in money. Article 1907, Vernon's Statutes; Able v. Lee, 6 Tex. 427. So far, therefore, as the testimony was offered to prove payment, it was not error to exclude it on the ground that it was not authorized by appellants' pleadings.

[2, 3] But we think the testimony was not subject to objection on any of the grounds urged to it, so far as it was offered to show that the note sued on was without a consideration to appellant; and, therefore, that the trial court erred when he excluded it. Testimony heard at the trial indicated that, while appellants were the makers of the original and renewal notes, same were made to cover a loan by appellee, not to them, but to Griffis & Devlin. In that view appellants were accommodation parties to the notes, and Griffis and Devlin were the principal debtors, and as such ultimately liable for the debt. If as a matter of fact the $20,000 note and trust deed were made by Griffis and his wife "to take up, pay off, and extinguish" the original note, and appellee accepted same for that purpose, said original note was thereby taken up, paid off and extinguished, for the law would give effect to the agreement. 8 C. J. 273, 274, 569, 573. The rule is stated at page 569 of the volume cited as follows:

"So far as the taking of a renewal or new bill or note for an existing bill or note is concerned, it is generally held that the new bill or note is not a payment of the original instrument in the absence of an understanding or agreement to that effect; but the new bill or note may constitute a payment of the old one where it was so agreed or intended."

If the effect of the transaction in which Griffis and his wife made the $20,000 note and trust deed to appellee was to take up, pay off, and extinguish the original note made by appellants, it of course ceased to be an obligation binding on them. If it did, then there was no consideration to appellants for the execution by them of the note sued on, for it was a mere renewal, without any new consideration, of the original note.

We think the assignments present no other reason why the judgment should not be affirmed, and it will be reversed and the cause will be remanded for a new trial, solely because of the error of the court below in excluding the testimony referred to.