### SUTTON et al. v. SCHOELLKOPF et al.
### No. 2834.

Court of Civil Appeals of Texas. El Paso. June 29, 1933.

Rehearing Denied July 19, 1933.

Clark & Rice, of Dallas, for appellants.

W. Scott Hughes, Albert Sidney Johnson, and Locke, Locke, Stroud & Randolph, all of Dallas, for appellees.

WALTHALL, Justice.

We adopt plaintiff's statement of the nature and result of the suit as found in their brief as concisely stating the issues. It is substantially as follows:

This suit was instituted in the district court of Dallas county, Tex., by J. Fred Schoellkopf and Hugo W. Schoellkopf as plaintiffs in the respective capacities alleged in their petition, on the 9th day of November, 1927. The suit was against Henry M. Sutton, Walter L. Steele, and Edwin G. Steele, as defendants, upon two separate causes of action; the first action being upon a promissory note in the principal sum of $23,227.50, executed jointly and severally by the above-named defendants as makers thereof on November 9, 1920, and the second being upon a promissory note in the principal sum of $10,000, executed similarly by the defendants on the same date as the first-mentioned note.

Walter L. Steele died subsequent to the filing of the suit, on, to wit, November 23, 1929; an application was filed for the probate of his will by his wife, Minnie M. Steele, on November 29, 1929; but this application was abandoned and the will was not probated. No administration was ever taken out on the estate of the defendant. On July 7, 1930, the heirs at law of Walter L. Steele were made parties to this suit by the filing of plaintiff's first amended petition and the making of the proper service upon such heirs.

The plaintiffs' petition, in addition to containing the necessary and usual allegations for recovery upon the two notes against the defendants jointly and severally, alleged the death of G. H. Schoellkopf and the manner in which the plaintiffs acquired the ownership of the said notes and the capacity in which they respectively sued.

The heirs at law of Walter L. Steele filed a detailed answer consisting of a general demurrer, a general denial, and several special denials of liability.

The defendants Henry M. Sutton and Edwin G. Steele filed an amended answer before trial in the general nature of a plea of confession and avoidance and presented therein numerous defenses.

With reference to the cause of action upon the $23,227.50 note, they pleaded that there was no consideration for the execution thereof; that the note really evidenced an old

indebtedness of the Mineral Milling Company, a corporation, and was executed by the said defendants upon the understanding that they were not liable thereon; that they executed the same for the accommodation of the plaintiffs; that the said note was executed in renewal of a $15,000 note of the Mineral Milling Company which was signed by the defendants and Walter L. Steele for the accommodation of the payee, and which note itself was without consideration to the defendants personally; and that the said $15,000 note was assumed by the Mineral Milling Company after its execution.

With reference to the cause of action upon the $10,000 note, they pleaded that there was no consideration for the execution thereof by the defendants Henry M. Sutton and Edwin G. Steele; that the note was executed in settlement of a claim of the Schoellkopfs against Walter L. Steele and was purely an accommodation note as far as they were concerned.

At the commencement of the trial, the defendants Henry M. Sutton and Edwin G. Steele made a motion under rule 31 of the district and county courts for the right to open and close. The defendant heirs of Walter L. Steele not having in their pleading filed a proper plea by way of confession and avoidance, and having refused to join in the said motion, the court overruled said motion. At the conclusion of the introduction of the evidence by all parties, the plaintiffs approximately and timely filed a proper motion for an instructed verdict in favor of the plaintiffs and against the defendants Henry M. Sutton and Edwin G. Steele, respectively, on each of the said notes involved in the suit and a proper motion for an instructed verdict in favor of the plaintiffs and against the defendant heirs of Walter L. Steele, deceased, to the extent as to each respectively that they or any of them, respectively, have received, or will receive, in distribution of the estate of Walter L. Steele, deceased. The court, after hearing extended argument by counsel for all parties, granted the first and denied the second of the said motions and did instruct the jury as follows: "Gentlemen of the Jury: You are instructed that in this case you will return a verdict in favor of the Plaintiffs and against the defendants Henry M. Sutton and Edwin J. Steele jointly and severally for the amount of the two notes in question including principals and interest thereon respectively, and further, that you will return a verdict that the plaintiffs take nothing as against the defendants Mrs. Minnie M. Steele, Oliver W. Steele and Mrs. Octavia S. Crump, and her husband, Harry C. Crump; and for these purposes you will use the form of verdict as it is shown below."

The jury returned their verdict in accordance with the instructions of the court.

Upon the verdict of the jury the court entered judgment for plaintiffs in the capacities in which they sued, stating same, and for the use and benefit of the plaintiff J. Fred Schoellkopf, individually, as prayed in the petition, and against the defendants Henry M. Sutton and Edwin G. Steele, jointly and severally for the several amounts of the principal, and interest found to be due upon the said two notes.

The court further decreed that plaintiffs take nothing against certain of defendants, naming them.

Defendants Henry M. Sutton and Edwin G. Steele duly excepted, gave notice, and prosecute this appeal.

### Opinion.

Except as otherwise indicated, the parties will be referred to in the opinion as plaintiffs and defendants, as in the trial court.

Defendants present five propositions upon which their appeal is predicated. They group their first, fourth, and fifth propositions because of their supposed similarity and relationship, and undertake to discuss them together. Defendants plead want of consideration as to both notes, and that the notes were signed for the accommodation of the payee. The $10,000 note is not a renewal note.

Defendants Henry M. Sutton and Edwin G Steele, prosecuting this appeal, submit that the trial court was in error in instructing a verdict for plaintiffs on the $23,227.50 note sued upon. Their ground of contention, in substance, is that their answer to the suit on said note was a plea of confession and avoidance; that said note was a renewal of a certain $15,000 note dated November 15, 1915; that said note was a note evidencing an indebtedness of the Mineral Milling Company, an accommodation note for the payee therein, totally and wholly without consideration as to defendants personally, the purpose of the execution being in the performance of an agreement, partly verbal and partly in writing, to the effect that said $15,000 note was the obligation of the Mineral Milling Company and that the payee was to look solely to that corporation for payment, said corporation not then organized, but in contemplation and shortly thereafter organized; that the said corporation when organized ratified and adopted said note as its obligation; and that plaintiffs accepted and ratified the said action of said Mineral Mining Company, as to said note; that said G. H. Schoellkopf agreed to make said corporation the loan of the $15,000, for which he was to receive a bonus of 2,500 shares of its capital stock as well as the payment of said note by said corporation. Defendants make the contention that at the time of the renewal of said $15,000 note, which was without consideration, it was about to become barred by lim-

itation, and that under the circumstances stated, plaintiffs requested defendants to sign the $23,227.50 note, which they did with the express understanding and agreement that they would sign the same as accommodation makers. Defendants insist that the testimony introduced on the trial was sufficient to take the case to the jury on the defensive matters pleaded and heard, and here, for brevity, very briefly outlined.

The trial court was exceedingly liberal in permitting the introduction by defendants of much evidence, covering some 300 pages of the record, and at the close of the evidence instructed the verdict for plaintiffs as to the $23,227.50 note, which we will first consider.

We think it would be a profitless task to undertake to state the evidence with the view of determining first its competency and then whether the evidence tends to establish any material fact pleaded that would avoid defendants liability on the note.

The principal defensive issues suggested by the pleadings and evidence, and to which others are collateral, are whether the $23,227.50 note was an accommodation note, whether said note was, by agreement, primarily an obligation of the Mineral Milling Company, and whether said note was executed without consideration as to defendants.

We have, in view of defendants' pleadings, considered the evidence as a whole in determining whether it tended to establish any material issuable fact that would relieve defendants of liability.

The $15,000 note is not sued upon, and not otherwise directly involved, and we consider it only in connection with the renewal note of $23,227.50 and as the consideration therefor. The renewal note expresses the principal sum of the $15,000 note and the accrued unpaid interest. Like the extension note it is signed by defendants.

The notes are not ambiguous. By defendants' plea of confession and avoidance they avow the truth of the fact alleged in plaintiff's petition, as to plaintiffs' cause of action, and then proceed to allege new matter which, if admissible for the purpose for which it was offered, tends to deprive the facts admitted of their ordinary legal effect, or to avoid them. In their petition plaintiffs allege that defendants, jointly and severally, executed to G. H. Schoellkopf, said $23,227.50 note for a valuable consideration, and that thereafter, for a valuable consideration, said note was sold and manually delivered by G. H. Schoellkopf to plaintiff J. Fred Schoellkopf, individually. Now the question is presented: What defense may defendants urge, under their plea, against their liability upon said notes? By the Negotiable Instrument Act, article 5933, the note is deemed prima facie to have been issued for a valuable consideration, and by that act an antecedent or

pre-existing debt constitutes value. The $23,227.50 note being a renewal note, we doubt whether, under Hunter et al. v. Lanius et al., 82 Tex. 677, 18 S. W. 201, want of consideration is available to defendants as a defense. It is there held that where one executes an obligation in renewal of a note claimed by the holder to be valid but known to the maker to be without consideration, the maker will be deemed to have waived the want of consideration. The renewal note is an act in affirmance of the original note. Plaintiffs submit, however, that the only defense defendants may make against their liability is the want of consideration for its execution.

In Dolson v. DeGanahl, 70 Tex. 620, 8 S. W. 321, Judge Stayton, for the Supreme Court, says: "The note sued on evidences the contract of the parties, and under the pleadings, all evidence as to parol contemporaneous agreements between the appellant and the deceased affecting the contract evidenced by the note, and tending to vary or contradict it, should be excluded. The note fixes the obligation of the appellant to pay, and his pleadings leave open to him only the defense that it was executed without consideration." In that case a charge was asked to the effect that "if the jury believe from the evidence that the defendant executed the note in question with the understanding that he was never to pay the same * * * they will find for the defendant." The charge was based on evidence to show a parol contemporaneous agreement. The court said, in effect, the evidence should not have been heard, nor the charge given. The opinion was long prior to the enactment of the Negotiable Instrument Act. The above case is referred to by Judge Stayton in Chalk v. Daggett (Tex. Com. App.) 257 S. W. 228.

In Chalk v. Daggett, Chalk defended against payment on two promissory notes on the ground that at the time the notes were given, he and Daggett entered into parol contracts whereby certain previous partnership affairs between them were to be settled by an accounting and the amounts found to be due Chalk were to be credited on the notes, and that no accounting had been had. It was held that such parol agreement presented no defense because it constituted an attempt by parol to vary the express, unconditional promise contained in the writing to pay a sum certain in money at a fixed future time.

In Helmke v. Prasifka (Tex. Civ. App.) 17 S.W.(2d) 463, a writ of error refused, appellee sued appellant upon a promissory note executed by appellant. Appellant admitted the execution of the note but resisted payment on the ground of failure of consideration, and on the ground that the note was never delivered absolutely, but with the understanding and agreement that appellee would not collect unless a certain note that had been executed to appellant by certain parties, naming

them, was paid when due, and which note was never paid, and hence the consideration failed. The evidence showed the agreement to be as alleged by appellant, and that the note upon which payment of the note sued on was conditional, had never been made. The agreement was in parol. The trial court instructed a verdict for appellee and judgment so entered. The San Antonio Court of Civil Appeals made a distinction between a parol condition affecting the delivery of the note and one affecting its payment, holding that under our Negotiable Instrument Act (section 16, art. 5932) a parol condition affecting the delivery of the note is enforceable, whereas a parol condition affecting the payment of a delivered written instrument was not enforceable if it operates to add to, take from, or vary the terms of the written instrument; and said that it was obvious that the parol agreement related wholly to the payment of the note and not to its delivery, which was unconditional, and further that the parol agreement varied, if it did not destroy, the provision in the note that it should be paid on a specified date; and further said that the latter rule is not affected by the statute and is universally enforced, and referred to a number of cases as so holding.

The note expresses the contract and defendants may not by any parol agreement, not induced by fraud or mistake, add to, take from, or vary the terms of the note.

After pleading extensively a number of facts which, we need not state, as to the circumstances leading up to the organization of the Mineral Milling Company, and the circumstances of borrowing from plaintiffs the $15,000, defendants allege that defendants did sign said note as an accommodation to the said H. G. Schoellkopf, and as an accommodation for the said Mineral Milling Company, to be incorporated, "with the express understanding and agreement that the said H. G. Schoellkopf was to look solely to the Mineral Milling Company for the payment of said note." Defendants, after pleading the facts tending to show the understanding and agreement as above, alleged "that as hereinbefore fully shown and set out, said note originally in the sum of $15,000.00 made for the account of the said Mineral Milling Company, is and was totally and wholly without consideration whatsoever to or for these defendants, or either of them," the note having been executed with agreement as stated that defendants were merely accommodation signers. As stated above, section 25, under article 5933, under "Consideration," of the Negotiable Instrument Act, expressly provides: "An antecedent or pre-existing debt constitutes value."

Now, by defendant's pleading, we have an agreed previous valid indebtedness; an agreement of the parties to the contract with an extension of time for payment; a settlement of the old or pre-existing indebtedness, and the creation of a valid new indebtedness in substitution for the old. We think it might well be said that whatever the understanding and agreement there was as to the old or pre-existing indebtedness evidenced by the $15,000 note, it was all merged in the new extension note. Defendants by their plea admit plaintiffs' cause of action as evidenced by the renewal note, and on the trial undertake to defeat the cause of action on the renewal note, by showing an understanding and an agreement as to the old or pre-existing indebtedness.

In view of the statute above referred to, we think plaintiffs' proposition is sound to the effect that it is immaterial whether the defendants, or the Mineral Mining Company, or both, jointly or severally, were liable on the $15,000 note, at the time of its cancellation; the surrender by the plaintiffs of their rights under said note constitutes a sufficient consideration for the execution by defendants of the $23,227.50.

The undisputed evidence shows that defendants, in person, received $15,000 from plaintiffs, and, as evidence of their indebtedness therefor, executed and delivered to plaintiffs said note.

The undisputed evidence shows, as a matter of law, that defendants, having received value, were not accommodation makers of the $15,000 note. Section 29, under article 5933, Rev. Civ. Statutes; Norris & Smith v. Bogata National Bank (Tex. Civ. App.) 246 S. W. 105; Brinker v. First Nat. Bank (Tex. Civ. App.) 16 S.W.(2d) 965; Drake v. Harris (Tex. Civ. App.) 24 S.W.(2d) 445.

Much of what has been said applies to the suit on the $10,000 note. At the time the note was executed there was a controversy between plaintiffs and defendants as to plaintiffs' claim. Both sides, in good faith, and with much discussion, contended for their view. Eventually, the question was settled by defendants executing the note in release of defendants from any further claim or liability to plaintiffs, as to the matters involved in the controversy, and the surrender by plaintiffs to defendants of the stock involved in the controversy.

There is no merit in defendants' suggestion of reversible error in the refusal of defendants to open and close the case. Especially would such contention be immaterial inasmuch as the court instructed the verdict.

After a careful review of the entire record, we have concluded that no reversible error is shown, and that the case should be affirmed, and it is so ordered.

The case is affirmed.