## W. ZABEL v. J. SCHROEDER.

1. Part of the purchase money of land was payable eighteen months subsequent to the contract, but no note for the money nor other written evidence of the contract was signed by the purchaser. The vendor executed a deed to the purchaser, and recited in it the terms of the contract; and the purchaser went into possession of the land. *Held*, that the statute of frauds is not available to the purchaser as a defense against a suit for the purchase money.

2. The statute of frauds should never be so construed as to make it an instrument of fraud.

3. To supply the predicate for secondary evidence of a deed, the plaintiff put the defendant's attorney upon the witness stand, and asked him whether he or the defendant had the deed. The attorney refused to answer, relying upon the law of "privileged communications;" and the court below sustained his refusal. *Held*, that the question was proper, and should have been answered by the attorney.

APPEAL from Harris. Tried below before the Hon. James Masterson.

The leading facts of the case are clearly indicated in the opinion of the court and the head-notes.

The evidence of the deed was by a certified copy from the county clerk's office, and it will be observed that appellant's counsel impugn this evidence in this court on the ground that there was but one witness to the deed, and it was proved by him for record, and not recorded on the acknowledgment of Schroeder. But this objection does not appear to have been specifically taken in the court below, though a general objection was taken to the recitals of the deed as evidence against Zabel.

The defendant offered in his answer to surrender the land to the plaintiff.

The case of Brazee v. Woods, which immediately precedes this case, is the case cited in the opinion of the court.

*W. P. Hamblin*, for the appellant.—This is a suit brought by appellee against appellant for fourteen hundred dollars, and interest at ten per cent., from April 3, 1867, alleging the sale of certain lands described in the petition whereby the debt was created, due twelve and eighteen months after date, and for which lands a deed was executed and delivered to appellant.

Appellant, defendant in the court below, demurred

generally, and answered, denying the fact of the sale and every material allegation in the plaintiff's petition.

The point in the case is, that it is a suit to enforce an agreement which is not to be performed within a year from the making thereof, and should be in writing as contemplated by the fifth clause of section one of the Statute of Frauds. (See Paschal's Digest, Art. 3875.)

Admit the pleadings of the plaintiff all to be true, in connection with the evidence that there was no writing as evidence of the agreement to pay money after the expiration of a year, there is no cause of action. Equity will take a case out of the statute of frauds, where to permit a person to avail himself of the statute would work a greater fraud. In other words, equity will relieve where the party in good faith has dealt contrary to the statute, and is remediless if the contract is not enforced. (See Ray v. Young, 13 Texas R., 550; Garner v. Stubblefield, 5 Texas R., 552, and cases there cited.) Part performance alone is not sufficient, unless on the one part, if the contract is not carried out, an irreparable injury would ensue. (See Garner v. Stubblefield, above cited.)

In the case at bar there could be no such circumstance, as the land belonged to the grantor, and if he had been in any manner prejudiced by any possession of the grantee, an action for damages would lie. The appellant tendered the property.

The following authorities are cited: Montague v. Garnett, 3 Bush., Ky. R., 297; Packet Co. v. Sickles, 5 Wallace U. S. R., 580; Marcy v. Marcy, 9 Allen Mass. R., 8. This case is almost identical with the one at bar. Attwood v. Norton, 31 Ga., 507; Scoggins v. Blackwell, 36 Ala., 351.

If, however, the court is of opinion that there is a *prima facie* case made out by the pleadings, or that an

action accrued in favor of appellee upon his statement of the case, then it is contended that the proof fails to support the case stated, in this:

It was not shown that appellant ever received any deed. It is true, a certified copy of a deed from Schroeder to Zabel was read, dated third day of April, 1867; but it was done against the objection of defendant's counsel, and excepted to. The court will perceive it was not a duly recorded deed, having only one witness by whom it was proved, and a copy was not admissible under the statute. Furthermore, Zabel was no party thereto, and unless he was shown to have received the original, he could not be committed to its contents. Counsel was not compelled to produce or account for the original, and whether or not he may have had the original, was not for the plaintiff to inquire. This testimony might have been sought from the defendant himself, but not from counsel.

*Gustave Cook*, for the appellee, as to the statute of frauds, cited 2 Parsons on Contracts, top pages 316 to 319, and notes, and 8 Alabama Reports, new series, 161. As to the questions put to defendant's counsel, he cited 1 Greenleaf's Evidence, sections 241 and 245.

WALKER, J.—We do not think the errors assigned in this case can avail the appellant to reverse the judgment of the district court. It is difficult to see why Carl Koertz should ever have been made a party defendant in this case; but inasmuch as he disclaimed all interest in the suit, and all liability to the plaintiff, and no judgment is taken against him, it is not a matter on which further comment need be made.

On the third day of April, 1867, it appears from the pleadings and evidence, a contract was made between

the parties for the sale of a certain lot of ground and the improvements thereon, by the appellee to the appellant, and the appellee, on the same day, made a deed for the property, which, it is apparent from the pleadings and evidence, was delivered to the appellant, who paid one hundred dollars of the purchase money down, and went into the possession of the property, and resided upon it for several months, speaking of it as his homestead, and that he had purchased it.

The deed specifies two deferred payments, each of the amount of five hundred dollars—the one due in twelve, the other in eighteen months from the date of the transaction. The appellant places his right to reverse the judgment upon the hypothesis that this is a contract not to be executed within twelve months from its date, and therefore within the statute of frauds.

We think no court of equity ever has or can put such a construction on the statute of frauds as is here invoked.

We have held, in the case of Woods v. Sims & Brazee, administratrix, just decided, that the acceptance of a title bond by the grantees, which is signed only by the grantor, and the further acceptance and possession of the property intended to be conveyed, was a sufficient execution of the contract to take the case out of the statute of frauds, and hold the grantees for the purchase money; and this case is supported by the authority of Monroe & Brother v. Buchanan *et al.*, 27 Texas, 241.

No court of equity should ever so construe the law as to make it an instrument to protect fraud and rascality.

The statute of frauds was enacted "to prevent frauds and perjuries;" and it sometimes requires nice discrimination in courts of equity, to prevent its doing the very thing it was intended to restrain.

There is no error apparent upon this record, of which the appellant has any reason to complain.

There was error in the court protecting the attorney of the appellant in his refusal to answer the questions propounded to him on the stand ; the questions were proper, and he should have answered them.

The judgment of the district court is affirmed.

AFFIRMED.