H. J. McKAY v. M. D. OVERTON, Ex'x.

(Case No. 1924)

1. LIMITATION—ACKNOWLEDGMENT.—The indorsement on a note, "This is to certify that I renew the within note this 30th of April, A. D. 1882," signed by the maker, is sufficient to prevent the note from being barred by limitation.

2. PARTNERSHIP—SETTLEMENT.—A suit might be maintained by the executrix of a deceased partner against another partner without having a settlement of the partnership affairs, if the obligation sued upon showed an indebtedness by defendant independent of the state of the partnership accounts.

3. SAME—SET-OFF—LIMITATION—ACCOUNT.—In a suit by the executrix of one partner against the surviving partner on an open note, defendant claimed in set-off that the deceased partner had lent certain partnership property to third parties, and agreed to be responsible to defendant for his half interest in the property loaned. *Held:*

(1) Since the answer indicated that the agreement was that the deceased partner would account in the course of settlement of the partnership affairs for defendant's half interest in the loaned property, the lapse of four years would not necessarily bar a remedy based upon that agreement.

(2) That it was admissible for defendant to testify that the loaned property had not been returned.

(3) Plaintiff was entitled *to recover the value of the note, whether it was the result of a partial or final settlement of the partnership affairs, or arose from matters independent of the partnership.*

(4) Defendant could not claim against plaintiff's demand a set-off arising from a single partnership transaction. He should have prayed for a settlement of the partnership affairs, and that any sum found due him should be allowed as a set-off.

4. EVIDENCE—EXCEPTIONS.—A bill of exceptions to the exclusion of testimony should show that the testimony would have benefited the party excepting.

5. EVIDENCE—EXPERT.—A book-keeper can not be allowed to explain, as an expert, books not shown to have been kept in accordance with any technical or scientific system of book-keeping

6. STATED ACCOUNT—MISTAKE—BURDEN OF PROOF.—The condition of accounts between two partners was stated, and an obligation to pay the amount due by him was signed by defendant, the right being reserved to correct any errors that might be found in the settlement. *Held:*

(1) That the stated account was something more than *prima facie* evidence. (1 Wait's Acts. & Def., 195.)

(2) The entire instrument was operative if the promise to pay was unqualified, unless errors in the settlement were shown.

(3) The jury were properly instructed to supply any matter improperly omitted in the account, and the burden of proving such matter was properly imposed on defendant.

7. PARTNERS—DEBT—INTEREST.—Sums due by one partner to another do not bear interest until after a settlement, but if the parties agree that interest shall be paid, such agreement shall govern.

APPEAL from Rusk. Tried below before the Hon. J. G. Hazlewood.

The opinion states the case.

*Field & Buford,* for appellant, on the endorsement, cited: R. S., art. 3219; Coles *v.* Kelsey, 27 Tex., 555; Aldrite *v.* Demmit heirs, 32 Tex., 575; Erskine *v.* Wilson, 27 Tex., 117.

On suit before settlement, they cited: Lockart *v.* Lyttle, 47 Tex., 452; Merriwether *v.* Hardeman, 51 Tex., 436.

*G. H. Gould,* for appellee.

ROBERTSON, ASSOCIATE JUSTICE.—The appellee, the plaintiff in the court below, declared upon an instrument in writing in the following language: "$2,297. One day after date I promise to pay Jno. F. Overton twenty-two hundred and ninety-seven dollars for value received, with ten per cent. interest from date, for an one-half undivided interest in" certain lands mentioned, and then concluded: "The above note is open for the correction of any errors that may be found in our settlement, on pages 104 and 115, to date, this June 1, 1878. [Signed.] H. J. McKay."

Upon this instrument was the following indorsement: "This is to certify that I renew the within note this 30th of April, A. D. 1882. [Signed.] H. J. McKay."

To this pleading the defendant-appellant, demurred on the ground that the above indorsement was not sufficient to prevent the note from being barred by the statute of limitations. The court overruled the demurrer, and this action is assigned as error. The effect of the indorsement is a reiteration of the promises contained in the original instrument. It is undertaking anew, in the terms of the original contract, and is unquestionably good to prevent the bar of the statute.

The defendant also demurred to the plaintiff's petition, on the ground that the petition showed that she sued as executrix of Jno. F. Overton's will, and that Overton and the defendant had been partners at the date of Overton's death, and prayed for and sought no settlement of the partnership matters. This demurrer was properly overruled, as the petition did not show that Overton and defendant had ever been partners. If it had shown such a partnership it does not necessarily follow that the plaintiff could not maintain the suit without having a settlement of the partnership affairs, as the obligation sued upon showed an indebtedness by the defendant independent of the state of the partnership accounts. In this respect the case differs from Lockhart *v.* Lyttle, 47 Tex., 452; Merriwether *v.* Hardeman, 51 Tex., 436.

The defendant pleaded in answer, among other things, that he and Overton had been partners at the date of the latter's death, and that Overton, without defendant's consent, had lent certain partnership

property to B. Cannon & Co., and at the time, several· years before the execution of the contract sued upon, agreed to be responsible to defendant for his half-interest in the loaned property; that the loaned property was never returned, and that he was entitled to a credit upon the demand sued upon of one-half the value of the loaned property. There was evidence tending to support this plea, and the defendant offered himself as a witness to prove that the loaned property was never returned by Cannon & Co., and his testimony was rejected upon the ground that he would be testifying to a transaction with plaintiff's testator, contrary to the statutes, and that more than four years had elapsed from the date of the transaction to the date of filing the pleading, in which this defense was averred. Neither of these objections were tenable. The answer rather indicates than negatives the idea that Overton's agreement was that he would account in the course or settlement of their partnership affairs for defendant's half interest in the loaned property. Time, therefore, would not necessarily bar the defendant's remedy upon Overton's promise. That the loaned lumber had not been returned was not a transaction with Overton, but an independent fact, upon which the defendant was a competent witness. The exclusion of this testimony was, therefore, error, for which the cause must be reversed, if the matter it tended to prove presented any defense or set-off to the plaintiff's suit. The demand sued upon was an ascertained sum due by the defendant to Overton. The pages referred to in the instrument are pages in the partnership book of Overton and defendant, and on one of them is an agreement signed by both partners, stating that the balance due by defendant to Overton at the date of the obligation, is the sum of twenty-six hundred and eighty-seven dollars and twenty-four cents, which, on the same day, is reduced to the sum named in the instrument sued on by crediting defendant with his interest in certain notes. Neither party contends that this was a final or complete settlement of the partnership affairs of Overton & McKay, even up to its date. The plaintiff stands upon the defendant's promise to pay the sum named in the obligation sued upon, and to her it makes no difference whether it is the result of a partial or final settlement of the partnership affairs, or arises from matters independent of the partnership. The defendant has promised to pay to her testator so much money, and this she is entitled to recover, unless the defendant shows a valid defense or set-off. The defendant, by way of set-off pleads the transaction in which Overton agreed to be responsible to him for his part of the loaned lumber. He avers that the partnership matters have never been settled; he prays for no settlement of them; he does not aver that upon

such settlement, independent of the obligation declared upon, he would be entitled to recover anything from the estate of his deceased partner, but from the partnership business he selects a transaction, in which, isolated and considered alone, his partner would be indebted to him, and pleads that indebtedness as an offset to the plaintiff's demand, based upon his written promise to pay money to his deceased partner. In the cases of Lockhart v. Lyttle and Merriwether v. Hardeman, it was held that one partner could not maintain an action against another for an indebtedness arising from a *partial* consideration of the partnership business; whether such indebtedness exists or not depends upon a settlement of the entire partnership business. This rule, for equal reason, forbids the defendant to claim against the plaintiff's demand a set-off, arising from a single partnership transaction. If, upon a final settlement of all the partnership matters, the defendant believed the plaintiff, or her testator's estate, would owe him, he ought to have prayed for such settlement, and that any sum found due him should be allowed as a set-off to the plaintiff's demand. The evidence improperly excluded, if admitted, did not tend to prove any valid defense or offset to the plaintiff's suit, and the appellant cannot therefore complain of the error committed by the court below in excluding it.

The other facts which appellant offered to prove by himself were pertinent to the plea, which, we have just concluded, presented no defense.

The court below did not err in refusing to hear the testimony of appellant's expert book-keeper. No occasion for explaining the mill books is shown in any part of the record, and if the testimony was proper, the bill of exceptions reserved to the ruling of the court in excluding it, does not show that the witness would have sworn to or elucidated any fact of any benefit to the appellant. It was not shown that the books were kept in accordance with any technical or scientific system of book-keeping. If we may judge of the method of keeping the books by the sample pages contained in the record, common sense would be more likely than science to evolve from them the true condition of the business, if indeed each item or entry was not entirely enigmatical to any intelligence not otherwise advised of the facts intended to be recorded.

The 5th and 11th assignments complain of the charge of the court, but the only matter sufficiently specified to be considered is, that the court in the charge construed the instrument sued upon as too conclusive evidence of indebtedness by defendant to plaintiff. The appellant seems to consider that the instrument was of no effect what-

soever—that appellant's promise to pay to Overton a specified sum, as the evidence of a demand, was nullified by the stipulation that the amount is left open for the correction of any errors to be found in the statement of the account or calculations by which the amount was ascertained. A stated account is something more than *prima facie* evidence. 1 Wait's Acts. and Def., 125.

Here the account was stated, and an obligation to pay the amount found to be due by appellant was signed by him; the whole effect of both these acts is claimed to be destroyed by the reserved right to correct any errors that might be found in the settlement. The entire instrument is operative if the promise to pay is construed to be unqualified unless errors in the settlement are shown. The charge, fairly enough, in view of the pleadings and evidence, interprets the legal effect of the instrument. The defendant, in his pleading, claims that several matters ought to have been embraced in the settlement that were not considered in it. If they were omitted by accident or mistake the jury are authorized to make the correction. What is meant by accident or mistake is not stated, but, from the whole charge, the jury was authorized to supply any matter improperly omitted in the account. The burden of proving that any omitted matter ought to have been considered, was properly imposed on appellant. The errors, which the appellant reserved the right to correct, were only such as entered the settlement through accident or mistake, or miscalculation in figuring out the result, and these the charge authorized the jury to consider, and if proved, to make the basis of restating the account.

The 6th assignment complains that the court erred in qualifying the special charge requested by appellant. In the statement of account referred to in the instrument sued upon, the appellant is charged with interest. The court, at appellant's request, charged the jury that sums due by one partner to another did not bear interest until after a settlement, and added the qualification, in effect, that if the parties agreed that interest should be paid, their agreement, and not the stated principle of law, should govern. This was certainly a correct instruction. If appellant was under a mistake of law in agreeing to the charge, such mistake entitles him to no relief.

The defendant pleaded that the instrument sued on was given for the accommodation of Overton, and one witness testified that he was present when the instrument was signed, and that this was the purpose in executing it. Against this was the form of the obligation, the declarations of appellant, his renewal of the note, the statements of account referred to in the instrument, and indeed every fact and

circumstance in the case. The verdict of the jury on this issue is sustained by a preponderance of the evidence.

The 13th assignment has been disposed of in considering the defendant's plea of set-off of half the value of the loaned lumber. The declarations of appellant were obviously admissible, although he could not testify to transactions with the deceased. Excluding him as a witness to such transactions does not affect the value or deprive his adversary of the use of his admissions.

We find no error in the judgment and it is therefore affirmed.

AFFIRMED.

[Opinion delivered November 24, 1885.]