## H. B. HENRY v. J. S. CHAPMAN.

### (No. 6196.)

APPEAL from Denton County. Opinion by WHITE, P. J.

JOYCE & PONDER, counsel for appellant.

No counsel appeared for appellee.

**§ 105.** *Account stated; effect of, can be avoided only for fraud or mutual mistake.* Appellant, Henry, and Chapman and one Wetzel were partners in the stock business. Henry lived in Alabama, and Chapman and Wetzel managed the business. The partnership continued for several years prior to January, 1885, when it was dissolved and the stock sold. At the time of the dissolution and settlement of said partnership, Henry was in Alabama, and Chapman acted as his agent and representative in closing up the partnership. On January 5, 1885, Chapman notified Henry of the partnership settlement he had made; sent him $700 in money, being a portion of what was due him (Henry) on the settlement; and a few days afterwards, January 11th, he forwarded to Henry a full statement of the settlement, which showed a balance due Henry of $391.71; and in his letter of transmittal he told Henry: "Your $391.71 I will make good to you. I will have to do it out of my individual means." Henry instituted this suit on February 3, 1887, against Chapman, to recover said $391.71, alleging, substantially, the facts above stated, and averring that he had accepted the said statement sent him by Chapman "as a final adjustment of the affairs of the partnership, and has for two years past released all interest in the property of the concern, and accepted Chapman individually as sole obligor to pay him his part of the proceeds, according to his [Chapman's] own statement, agreement and promise to pay over said part of his individual means," etc.

The suit in effect was an action upon an account stated; that is, an account in which the items had been stated and the balance struck by one party, and which was sent to and accepted by the other as correct. In his answer to the suit Chapman sought to open up the entire partnership business, and claimed that plaintiff was indebted to him according to the account set forth in his answer; but his answer nowhere contained any allegation of fraud

or mistake in the account rendered by him to and sued upon by the plaintiff. It is a well-established rule that, "after assent of the parties to an account stated, an action lies for the balance as an original demand, or an implied promise of payment, and cannot be reopened and re-examined to ascertain the items unless for alleged fraud or mistake." [6 Wait, Act. & Def., p. 427.] In Horan v. Long, 11 Tex. 230, it was held that a settlement of accounts cannot be attacked by the mere allegation of errors in computation or otherwise, although the errors be distinctly specified, but the allegations must charge fraud or mutual mistake. [See, also, McKay v. Overton, 65 Tex. 82.] The court erred in overruling plaintiff's special exceptions and motion to strike out those portions of defendant's answer which sought to reopen and readjust the partnership accounts. Plaintiff's special requested instructions Nos. 1 and 4 properly presented the law of the case, and it was error to refuse them. They were as follows: (1) "If you believe from the evidence that the defendant, Chapman, rendered plaintiff, Henry, a statement of the partnership affairs (after the sale of the cattle) showing a balance due the plaintiff, and accompanying said statement with a letter wherein Chapman agreed to be individually responsible to the plaintiff for said balance, you will find for the plaintiff." (4) "If you believe from the evidence that Chapman acted for Henry in receiving and receipting to Wetzel and Wills for Henry's interest in the proceeds of the cattle, pursuant to letters authorizing Chapman to sell his interest in the cattle, and send him (Henry) the proceeds, and if you believe that Chapman, after receiving said proceeds (if at all), rendered a statement showing the balance due him (Henry), and agreed to be individually responsible for said balance, and that he has not paid the same since that time, then you will find for the plaintiff."

May 7, 1890.            Reversed and remanded.