**FREY et al. v. PEARSON.**

No. 2479.

Court of Civil Appeals of Texas. Waco.

Feb. 4, 1943.

Rehearing Denied March 4, 1943.

ficiary, Mrs. E. C. Blesi, a feme sole, from foreclosing under power of sale in deed of trust on a house and lot in the City of Dallas owned by E. E. Bradley and wife. Mrs. Frey asserted that she held a valid, subsisting lien on the property and that the lien that Mrs. Blesi was seeking to foreclose was barred by the four-year statute of limitation. Temporary writ of injunction was granted. Thereafter, Mrs. Blesi, by proper pleading, interpleaded Bradley and wife and sought to establish her debt against Bradley and asked to foreclose her lien against all parties. The cause was tried by the court without the aid of a jury and after the cause was fully developed and submitted to the court Mrs. Blesi died. Thereafter, the temporary administrator of her estate became a party to the suit (having been specially authorized by the Probate Court of Dallas County to intervene in the suit), and the court dissolved the injunction and awarded judgment in behalf of said administrator against E. E. Bradley for the amount of the debt, totaling $2,-023.32, with interest and costs, and foreclosure of the lien against all parties. Mrs. Frey and the Bradleys duly excepted to the judgment rendered and have perfected their appeal.

At the request of plaintiff the court filed findings of fact and conclusions of law. The findings of fact are not assailed. On March 31, 1932, Bradley and his wife, for a valuable consideration, executed and delivered their certain promissory note of $1,000, payable to Mrs. E. C. Blesi, trustee, who held the funds she loaned in trust, said note being payable March 31, 1934. Contemporaneous therewith the Bradleys executed and delivered a deed of trust on the property in suit, which secured the payment of said debt, which instrument appointed C. L. Allen trustee with power of sale. This deed of trust was seasonably filed for record with the County Clerk of Dallas County and created a valid and superior lien against the property. On March 29, 1938, two days before the Bradleys' note to Mrs. Blesi became barred, Mrs. Blesi and the Bradleys, at the Bradleys' request, made an oral extension agreement, whereby they agreed to renew and extend the debt and lien in question to March 31, 1940. On said date Mrs. Blesi made the following notation on the back of the note: "March 29, 1938. Renewed and extended by mutual agreement to March 31, 1940. (Signed) Mrs. E. C. Blesi, Trustee."

Warren S. Cook and Milton K. Norton, both of Dallas, for appellants.

Malone, Lipscomb, White & Seay and Claude Westerfeld, all of Dallas, for appellee.

TIREY, Justice.

Mrs. Minnie Fowler Frey, a feme sole, brought this suit seeking an injunction to restrain C. L. Allen, trustee, and the bene-

The court found, among other things, "that in consideration of the extension of the note Mrs. Blesi agreed to forego her right to demand immediate payment and to foreclose until after the extension period lapsed. Nothing pertaining to the above mentioned extension agreement is in writing except the above quoted notation made by Mrs. Blesi. * * * That after March 31, 1938, E. E. Bradley paid $30.00 on the interest due under the Blesi note and extension thereof to Mrs. Blesi," and thereafter Mrs. Blesi paid all taxes on the property for the year 1939. The court found no part of the Blesi note had been paid except $30 on the interest. The court found that the Bradleys, on January 1, 1930, for a valuable consideration executed and delivered to Mrs. Frey their note for $2,000 bearing interest, $1,000 thereof being payable January 1, 1933, and $1,000 being payable January 1, 1936; that on June 29, 1935, a deed of trust to secure said note was given by the Bradleys to Mrs. Frey on the property in suit, which instrument was duly recorded with the County Clerk of Dallas County on July 7, 1935. Thereafter, the lien given by the Bradleys to Mrs. Frey was extended by written agreement dated January 1, 1937, which was duly recorded with the County Clerk of Dallas County.

The court concluded, as a matter of law, substantially (1) that the deed of trust lien given by the Bradleys to secure their debt to Mrs. Blesi is a first and superior lien on said property; (2) that the lien evidenced by the deed of trust to Mrs. Frey was a second lien on the property and inferior to the lien held by Mrs. Blesi, and that Mrs. Frey was not prejudiced by the extension agreement of March 29, 1938, between Mrs. Blesi and the Bradleys; (3) that if the extension agreement on March 29, 1938 between Mrs. Blesi and the Bradleys is not valid, Bradley and wife are estopped by their conduct to urge its invalidity and are estopped to plead limitation, and that since Mrs. Frey's lien was known to her in law as a second lien when placed upon the property, Mrs. Frey is not prejudiced by reason of any conduct of the Bradleys which has operated as an estoppel against them, and that Mrs. Frey is not entitled to have enjoined the foreclosure on the property described in Mrs. Blesi's deed of trust.

The judgment is assailed substantially on the ground that the court erred in not holding that the oral extension agreement between Mrs. Blesi and the Bradleys came within the provisions of the Statute of Frauds, namely section 5, Article 3995, Revised Civil Statutes, and that by reason thereof the deed of trust lien theretofore given to secure the debt and lien of Mrs. Blesi expired because it was not renewed and extended as required by law, Article 5522, Revised Civil Statutes, and plaintiff, as junior lien holder, had the right to invoke the provisions of the limitations statute, Article 5520, Revised Civil Statutes, Vernon's Ann.Civ.St. art. 5520, and there- fore the court erred in holding that Mrs. Frey was not entitled to have enjoined the foreclosure of the deed of trust lien theretofore given to Mrs. Blesi. We overrule this contention.

■ It is undisputed that at the time Mrs. Frey took the note for $2,000 from the Bradleys, she did not take any security therefor, and such note was unsecured until the Bradleys executed their deed of trust to her dated June 29, 1935. Mrs. Frey and Mrs. Bradley were sisters and Mrs. Frey had actual and constructive notice of the loan made by Mrs. Blesi to the Bradleys. The Bradleys obtained the loan from Mrs. Blesi on March 31, 1932, and contemporaneously, and as a part of the consideration, executed and delivered a deed of trust on the property in suit, which lien became a valid and superior lien on the property. The debt of the Bradleys to Mrs. Blesi matured on March 31, 1934, and the debt and lien would have become barred on April 1, 1938, but for the oral extension agreement between Mrs. Blesi and the Bradleys, as found by the trial court. The consideration from Mrs. Blesi to the Bradleys was that Mrs. Blesi would forbear to foreclose on her debt and lien. The agreement on the part of Mrs. Blesi was fully performed, in that she did not file such suit, and, relying on the extension agreement, she paid the taxes for the year 1939, which she had a right to do under the provisions of the deed of trust in order to protect her security, and the Bradleys accepted this benefit. In addition thereto, Bradley paid $30 interest on said indebtedness and to this extent the extension agreement was partly performed by him. The position of Mrs. Frey, the junior lien holder, never changed, and it is clear to us that these undisputed facts show that the oral extension agreement made by Mrs. Blesi and the Bradleys is not in violation of Article 3995, aforesaid, but, on the contrary, brings this case within the well-

known exception: "The performance of a contractual agreement on one side removes the entire agreement from the operation of of the provision of the statute of frauds pertaining to agreements which are not to be performed within one year * * *." 20 Tex.Jur. 259, § 50. See, also, Gardner v. Platt, Tex.Civ.App., 68 S.W.2d 297, writ refused; 27 C.J. 356, sec. 436; Stanfield v. Texas Power Corporation, Tex.Civ.App., 13 S.W.2d 432, writ dismissed; Ridgell v. Farmers' National Bank, Tex.Civ.App., 275 S.W. 858. "The doctrine is well established that where either party, in reliance upon the verbal promise of the other, has been induced to do or to forbear to do any act, and thereby his position has been so changed for the worse that he would be defrauded by a failure to carry out the contract, equity will enforce a performance." Morris v. Gaines, 82 Tex. 255, 17 S.W. 538, 539. The reason for the rule is pointedly stated by the Supreme Court in Texas Company v. Burkett, 117 Tex. 16, 296 S.W. 273, 279, 54 A.L.R. 1397, and such rule is applicable here. See, also, Johnson v. Smith, 115 Tex. 193, 280 S.W. 158; Zabel v. Schroeder, 35 Tex. 308.

Since the court found "that in consideration of the extension of the note Mrs. Blesi agreed to forego her right to demand immediate payment and to foreclose until after the extension period lapsed," we think such fact situation created an equitable estoppel barring the Bradleys from relying on the statute of limitations. Smith v. Dupree, Tex.Civ.App., 140 S.W. 367, writ dismissed; Kraus v. A. H. & D. H. Morris, Tex.Civ.App., 245 S.W. 450; McNeese v. Page, Tex.Civ.App., 29 S.W.2d 489; 17 Tex.Jur. 130, sec. 3; Keene v. Gold, Tex.Civ.App., 27 S.W.2d 631, writ refused 119 Tex. 448, 31 S.W.2d 1071; McLemore v. Bickerstaff, Tex.Civ.App., 179 S.W. 536, point 6, writ refused.

It is likewise well settled that Mrs. Frey, the second lien holder, under the undisputed record, had no better rights than the Bradleys. Novosad v. Svrcek, 129 Tex. 34, 102 S.W.2d 393.

We have carefully examined each of the remaining points urged by appellants and find that they are without merit and are overruled.

The judgment of the trial court is affirmed.