## STANDARD SURETY & CASUALTY CO. v. WYNN.

### No. 5564.

Court of Civil Appeals of Texas. Amarillo.

June 21, 1943.

E. D. Slough, of Amarillo, for appellant.

Luther Gribble, of Wellington, for appellee.

PITTS, Chief Justice.

This is a suit filed in the District Court of Collingsworth County on October 29, 1942 by Standard Surety and Casualty Company, a corporation of New York City, appellant, against H. A. Wynn of Collingsworth County, appellee, for the collection of a debt evidenced as alleged by promissory note and ten letters written by appellee to appellant's attorney, copies of which letters being attached to appellant's pleadings and made a part thereof. Appellant further alleged that said note was of date July 28, 1936 for the sum of $508.14 originally with 8% interest and containing the usual 10% attorney fee clause, payable on January 1, 1937, to Gulf Oil Corporation; that the said note was transferred before maturity in due course to appellant, who, on January 22, 1942, placed same in the hands of Honorable E. D. Slough, Amarillo, Texas, its attorney, for collection; that said letters were written to appellant's said attorney and that they constituted such acknowledgments as to renew appellee's promise to pay said indebtedness, the balance of which was $776.14, including principal, interest and attorney fee, after appellee had paid appellant the sum of $50 on said indebtedness, since said note had been placed in the hands of said attorney for collection; and that appellant was relying on the contents of said letters for recovery.

Appellee's answer did not deny appellant's allegations except to challenge the sufficiency of them in a general and a special exception and alleged that the letters did not contain unconditional acknowledgments and were therefore insufficient to toll the statute of limitations, which statute he invoked as a defense.

The case was tried before the court without a jury and judgment was rendered for appellee, from which judgment an appeal was perfected to this court.

The record is short and there is only one assignment of error and a counterpoint thereto for consideration. Appellant contends that the letters in the record did preserve the indebtedness in question against a plea of four years statute of limitation and appellee contends that said letters were insufficient to so preserve said indebtedness.

The statement of facts is composed of the note in question, the ten letters in question and two letters from Honorable E. D. Slough to appellee.

Although it will add length to this opinion, it seems to be very material that the contents of the letters in question be set out in full since it is a proper construction of them that will determine the merits of this case.

The record discloses that the appellant offered in evidence the following letter:

"January 22, 1940

"Mr. H. A. Wynn
"P. O. Box 63
"Wellington, Texas

"Re: Standard Surety & Casualty Co.
"Dear Sir:

"Our client above named has written to us about collecting the note you gave them July 28, 1936, in the amount of $508.14.

"We appreciate the fact that it probably would be difficult for you to remit this amount in full right at the present time, but we would like to have you write to us and explain your circumstances, your employment, and just when and how you can take care of the matter. If you wish to make monthly payments I am sure that can be arranged if you will suggest what amount you can pay each month.

"Very truly yours,
"E. D. Slough"

The next ten letters being from appellee to E. D. Slough and are numbered for convenience consecutively 1 to 10, the contents of which are as follows:

No. 1—Dated March 8th, 1940.

"Standard Surety & Casualty Co.
"Dear Sir:

"Your letter of January 22nd regarding my note to the above, I am sorry this letter did not come to my attention until recently.

"I have worried quite abit about that note and I have been selling cars tractors or anything to make a living and have not been in position to make payments on the note I am going to pay the note off as soon as I can get started in something that I can make monthly payments, it may be that some time in the next two or three months I can start paying and continue until I have paid the note in full.

"I surely hope this delay in answering has not caused you any anxiety and I will be in Amarillo some time this month and will call at your office and have a talk with you about the note.

"Yours Truly,
"H. A. Wynn."

No. 2—Dated April 18th, 1940.

"Re: Standard Surety Co. N. Y.

"I received your letter and thought I would have some money by now to pay the note I owe the co. but I have just about been able to pay my current bills and I intended to come to Amarillo to see you but have not been so I could get up there, if you have anything in mind as to how I can arrange to make that satisfactory Please tell me and if it is possible I will do that.

"Thanking you for your kindness I beg to remain.

"Yours Truly,
"H. A. Wynn."

No. 3—Dated April 29, 1940.

"Replying to your letter of a few days ago regarding a payment of some kind on my note I think I can make a payment of $10.00 by the 10th of May if that will be satisfactory.

"Yours Truly
"H. A. Wynn"

No. 4—Dated May 12, 1940.

"Attached please find my check for $5.00 to apply on my note to the N. Y. Surety Co.

"I may have some more to make a payment soon but this is all I can pay at this time.

"Yours Truly
"H. A. Wynn."

No. 5—Dated July 4th, 1940.

"Replying to your letter of June 20th I have been waiting to sell a car so I could make another payment to this time I have not collected but will make a payment by the 15th, of this month.

"Yours Truly
"H. A. Wynn"

No. 6—Dated November 5th, 1940.

"Replying to your letter of a few days past I do not have a payment at the present but will have some time this month and will mail same to you Thanking you for your kindness. I remain.

"Yours Truly
"H. A. Wynn"

No. 7—Dated December 28th, 1940.

"Replying to your letter dated December 27th. I have been trying to get a payment to make on the note but have not been so I could but I will have some money coming in on the 10th of January and will

make at least a $10.00 payment and will do my best to continue them until I get so I can pay the balance in full.

"Thanking you again for your kindness I remain

"Yours Truly
"H. A. Wynn"

No. 8—Dated March 17th, 1941.

"I received your letter several days past and would have answered but I had some money that I was supposed to get in and I could make your payment, But I have not received it to date, I will have enough to make another payment by the first if I do not get that money in.

"Yours Truly
"H. A. Wynn"

No. 9—Dated April 7th, 1941.

"Attached please find my check for $5.00 to apply and I will have some more this month that I can send you.

"Yours Truly
"H. A. Wynn"

No. 10—Dated March 22nd, 1942.

"Replying to your letter of March the 9th regarding my March payment I have been doing my best to get some money together to send but I have not so far I may be able to send it in the First of April with the other payment.

"Yours Very Truly
"H. A. Wynn"

Appellee offered the following letter from E. D. Slough to said appellee, which is as follows:

"April 20, 1940
"Re: Standard Surety & Casualty Company of N. Y.

"Dear Sir:

"We have your letter of April 18th regarding this matter, in which you inquire if or not we have anything in mind as to how you can take care of it.

"You have explained your circumstances to us quite thoroughly, and we appreciate that it would be difficult for you to make a substantial payment at this time. However, even though you are not able to make a large payment, it would look much better on the face of the situation if you would pay a little from time to time as you have it—say $10.00 or $15.00, and more when you are able to. This would help us to convince our client that you are trying to pay it.

"We have not been, and are not now disposed to cause you any trouble in the matter, but we would like to get something on it.

"Very truly yours,
"E. D. Slough"

Appellee construes his letter No. 1 as a conditional promise, while appellant construes it as an unconditional promise with an attempt to approximate the time when he can fulfill his promise. It is our opinion that appellant is correct in his construction of said letter and that said letter served to renew appellee's obligation and toll the statute of limitation but, if his first letter did not have such effect, his succeeding letters most certainly had that effect.

10 Tex.Jur. 341, par. 196, says: "The term 'condition' denotes a future and uncertain event upon the happening of which is made to depend the existence of an obligation, or which subordinates the existence of liability under a contract to a certain future event. Conditions are to be distinguished from requests, warranties and promises." Numerous authorities are there cited in support of such usage. In this case appellee did not subordinate his promise to pay to the happening of any event; he made his promise definite and then tried to approximate the time when he could carry out his promise.

In the case of Starr et al. v. Ferguson, 166 S.W.2d 130, 131, the Supreme Court, in approving an opinion by the Commission, Section B, and reversing both the trial court and the Court of Civil Appeals, construed article 5539, Revised Civil Statutes 1925, which article is controlling in this and other such cases, and held a very similar letter in a similar case sufficient acknowledgment of the debt to toll the statute of limitations, the similar letter in said case being as follows, to-wit: "'Your kindliness & patience in regard to my indebtedness is a blessing to me, for it seems I am hopelessly chained, but still I hope some day in some way to pay you, tho when I try to peep into the future all that greets my vision is barricaded darkness and I often wonder and feel that if your other debtors are as imposing as I am & have been how you manage to maintain your good mental ballast, surely the Lord will help you.'"

Said opinion cited the case of Howard &. Hume v. Windom, 86 Tex. 560, 566, 26 S. W. 483, 485, and then quoted the following rule: "'An unqualified acknowledgment.

of an existing debt implies a promise to pay it, and is sufficient, unless the acknowledgment be accompanied by some expressions indicative of an unwillingness to pay.'"

The said rule applies to this case since there is no intimation of any unwillingness to pay the note but, on the contrary, appellee makes a definite promise that "I am going to pay the note off as soon as I can get started in something that I can make monthly payments" and then makes a hopeful commitment that he can begin making monthly payments within the next two or three months. The conclusion that letter No. 1 is sufficient to remove the bar of the statute of limitations is also supported by the following authorities: Howard & Hume v. Windom, supra; Stein v. Hamman et al., 118 Tex. 16, 6 S.W.2d 352, 9 S.W.2d 1104; ·Elsby v. Luna, Tex.Com. App., 15 S.W.2d 604; Cotulla v. Urbahn, 104 Tex. 208, 216–218, 126 S.W. 1108, 135 S.W. 1159, 34 L.R.A.,N.S., 345, Ann.Cas. 1914B, 217; Cochran v. J. B. Coe Lumber Co., Tex.Civ.App., 82 S.W.2d 684; C. H. Hyer & Sons v. Morrow, Tex.Civ.App., 16 S.W.2d 938; Power et ux. v. Westhoff, Tex.Civ.App., 4 S.W.2d 274; Western Casket Co. v. Estrada et al., Tex.Civ.App., 116 S.W. 113; Russ v. Cunningham, Tex.Sup., 16 S.W. 446.

It will be noted that the maturity date of the note in this case was January 1st, 1937, and that the four years statute of limitations would not bar the debt until January 1, 1941. It will also be noted that the above letters 1 to 7, both inclusive, were written by appellee before the four years statute of limitations barred the debt.

In the case of Caterpillar Tractor Co. v. Churchill, Tex.Civ.App., 40 S.W.2d 971, 972, writ refused, the court, quoting from 37 C.J. 1098, said: "'A new promise, whether made before or after the bar is complete, will avoid the operation of the statute of limitations, although, with a debt alive, it will require less evidence to create a promise extending the running of the statute, than, with a debt barred, to revive the debt and renew the expired period.'" It therefore appears that it would take less evidence to renew the promise or obligation in this case than it would in most of those cited above.

Appellee complains that letters 2 to 10, both inclusive, do not identify the debt nor make reference to appellant's note. The record discloses that appellant alleged, after pleading the note with its non-payment and its having been placed in the ·hands of its attorney for collection, in paragraph 4 of his pleadings as follows: "* * * Therefore defendant wrote to said attorney a number of letters in reference to the payment of said note and copies of ten such letters are hereto attached, and marked 'Exhibit A' and made a part of this petition as though herein fully set out."

Appellee makes no denial of this allegation in his pleading nor elsewhere and the record discloses that the copies of the ten letters attached to the pleading are identical with the ten letters in evidence.

Judge Ramsey, speaking for the Supreme Court, in the case of Cotulla v. Urbahn, supra [104 Tex. 208, 135 S.W. 1162, 34 L.R. A.,N.S., 345, Ann.Cas.1914B, 217], said in a similar case: "* * * But, if it is made to appear that there was but a single transaction between the parties, a mere reference to the debt is sufficient so far as its identity is concerned.", and he cites several authorities in support of the rule. 28 Tex.Jur. 265, par. 168 supports the said rule and further states that in a case such as this the burden would be upon the appellee to show that the debt mentioned is not the one involved in the suit if such be the case, or, that there were other debts owing by appellee if such be the case. No such evidence was offered by appellee in this case according to the record but, on the contrary, it clearly appears that there was only one transaction involving only one debt between the parties.

It will be noted that on May 12th, 1940, before the debt was barred by the four years statute of limitations, appellee said in letter No. 1:

"Attached please find my check for $5.00 to apply on my note to the N. Y. Surety Co.

"I may have some more to make a payment soon but this is all I can pay at this time."

It appears from the following authority that this letter has the effect of tolling the statute of limitation:

The Commission of Appeals said in a similar case, Stein v. Hamman et al., supra [118 Tex. 16, 6 S.W.2d 353]: "A payment accompanied by the written acknowledgment and promise to pay required by law will defeat the plea against the original promise."

We think, according to authorities cited and the record made in this case, there is ample evidence to show conclusively that appellee made unconditional acknowledgments of the indebtedness evidenced by the note sufficient to toll the statute of limitations and thus renew his obligation to pay the indebtedness in question and that the trial court erred in not so holding.

It appears that the case has been fully developed and that judgment should have been rendered for the appellant for the balance due on the note, together with interest and attorney fee therein expressed and the usual rate of lawful interest until same is paid. Therefore, the judgment of the trial court is reversed and judgment is accordingly here rendered for appellant.