**SCHULTZE et al. v. SCHULTZE.**

**No. 2641.**

Court of Civil Appeals of Texas. Eastland.

March 12, 1948.

Rehearing Denied April 2, 1948.

Brewer, Matthews, Nowlin & Macfarlane, of San Antonio, for appellant.

L. M. Bickett, of San Antonio, for appellee.

COURTNEY GRAY, Justice.

This is an appeal from the 57th Judicial District Court of Bexar County, Texas, in which Mrs. Emma Schultze sued F. D. Schultze and Willie Schultze, as independent executors of the estate of Marie Schultze, deceased, on a promissory note for $6,000.00, which was executed by said executors in renewal and extension of the unpaid balance due on a note for $7,000.00 executed by said Marie Schultze before her death, to plaintiff. Said note for $7,000.00 was dated July 21, 1920, and was payable in seven annual installments of $1,000.00 each and bore interest at 7%. Said renewal note was dated June 17, 1935, was payable on or before five years after date and bore the same rate of interest. The trial was to the court without a jury and resulted in a

judgment for plaintiff, from which the defendants appealed to the Court of Civil Appeals for the Fourth Supreme Judicial District at San Antonio. Upon equalizing the dockets of the Courts of Civil Appeals, by the Supreme Court, this cause was duly transferred to this court for decision.

The controlling questions presented here are (a) whether on the date of execution of said renewal note in the sum of $6,000.00 the original note for $7,000.00 was barred by limitation, and (b) whether the date of maturity fixed in said renewal note, "on or before five years after date", was an unconditional promise to pay at the expiration of said five year period. Appellants contend that said original note was barred by limitation before the date of said renewal note, and, therefore, they, as such executors, had no legal right to renew and extend the same. But in the alternative, if it be held that said original note was not barred by limitation, then the renewal note had not matured and the suit was prematurely brought by reason of a provision in said renewal note that the proceeds from the first sale of estate, real estate should be applied on said note. Appellee counters both of said contentions.

We here set out said original note in full:
"$7,000.00

San Antonio, Texas, July 21, 1920
On or before seven years after date, I promise to pay to the order of Mrs. Emma Schultze, Seven Thousand Dollars ($7,000.-00) payable in the City of San Antonio, Bexar County, Texas, with interest at the rate of seven percent (7%) per annum, from date until paid, interest payable annually, together with ten percent (10%) for collection fees, if suit is brought on this note, or if it is placed in the hands of an attorney for collection, or collected through the Probate Court. Defaulting interest to draw the same rate of interest as principal.

I promise to pay this note in installments of One Thousand Dollars ($1,000.00) on the 21 day of July of each year until the entire note is paid, but I am to have the option to pay off one or more additional installments of One Thousand Dollars ($1,-000.00) at any annual period.
(Signed) Marie Schultze"

On the back of said note appear the following endorsements:
"July 15, 1926
I, Marie Schultze, acting herein by F. D. Schultze, my duly authorized attorney in fact, do hereby renew my promise to pay and hereby promise to pay the $1,000 which matured on the within note on July 21, 1922.
Marie Schultze
By F. D. Schultze
Attorney in Fact

"July 16, 1927
I, Marie Schultze, acting hereby by F. D. Schultze, my duly authorized attorney in fact, do hereby renew my promise to pay this note and promise to pay the same, and I, F. D. Schultze, warrant that I have authority to act herein for the said Marie Schultze.
Marie Schultze
By F. D. Schultze
Atty. in Fact

"October 13, 1930
I, Marie Schultze, hereby acting by F. D. Schultze, my duly authorized attorney in fact, do hereby renew my promise to pay this note and promise to pay same; and I, F. D. Schultze, warrant that I have authority to act herein for the said Marie Schultze.
Marie Schultze
By F. D. Schultze
Atty. in Fact"

Independent of any renewal and extension, said original note would have become barred by limitation on July 21, 1931, which would have been four years from its maturity. But giving effect to the endorsements on the back of same, the last of which was dated October 13, 1930, the statute of limitation was thereby tolled until October 13, 1934. Browne v. French et al., Tex. Civ.App., 22 S.W. 581. If that be true, then said note would not have become barred until October 13, 1938. However, the renewal note was dated June 17, 1935. We may here state that said Marie Schultze died on March 20, 1932, and appellants immediately filed her will for probate and qualified as such joint independent executors.

■ We shall now examine a few of the many cases bearing upon the issue as to whether said above quoted endorsements were sufficient to toll the statute of limitation. In the early Supreme Court case of McKay v. Overton, 65 Tex. 82, a note due one day after date was renewed before four years had elapsed by the following endorsement: "This is to certify that I renew the within note this 30th day of April, A.D., 1882. (Signed) H. J. McKay." In holding said endorsements effective to prevent the bar to the statute, the court said: "To this pleading the defendant-appellant, demurred on the ground that the above endorsement was not sufficient to prevent the note from being barred by the statute of limitations. The court overruled the demurrer and this action is assigned as error. The effect of the endorsement is a reiteration of the promises contained in the original instrument. It is undertaking anew, in the terms of the original contract, and is unquestionably good to prevent the bar of the statute."

The case of Browne v. French et al., supra [Tex.Civ.App., 22 S.W. 584], involved an open account and before the debt became barred, the debtor wrote letters acknowledging the justness of the debt and promised to pay it, "as soon as we possibly can." On appeal, the court said: "The effect of these letters is to create a new promise, and to remove the bar of the statute; and, as this new promise is in writing, it follows that limitation would only commence to run from the time that the promise was made, and the debt would only be barred within four years from that time."

The late case of Standard Surety & Casualty Co. v. Wynn, Tex.Civ.App., 172 S.W.2d 789, involved a note which was not paid in full within four years from date of maturity. Before the expiration of said four year period, the debtor in letters made numerous promises to pay the same in installments and did make one payment within and one payment after said period. The trial court sustained the plea of limitation, but on appeal to the Amarillo Court of Civil Appeals, the case was reversed and rendered in favor of appellant. While it was not held that partial payments would within themselves toll the statutes of limitation, yet "A payment accompanied by the written acknowledgment and promise to pay required by law will defeat the plea against the original promise," quoting from Stein v. Hamman, et al., Com.App., 118 Tex. 16, 6 S.W.2d 342, 353. The court further quoted from the Commission of Appeals in the case of Starr et al. v. Ferguson, 140 Tex. 80, 166 S.W.2d 130, in which a similar letter not accompanied by a remittance was sufficient to toll the statute. Said case quoted from Windom v. Howard, 86 Tex. 560, 26 S.W. 483, 485, the following: "An unqualified acknowledgment of an existing debt implies a promise to pay it, and is sufficient, unless the acknowledgment be accompanied by some expressions indicative of an unwillingness to pay."

The Amarillo Court concluded in said Wynn case as follows [Tex.Civ.App., 172 S.W.2d 793]: "The said rule applies to this case since there is no intimation of any unwillingness to pay the note but, on the contrary, appellee makes a definite promise that 'I am going to pay the note off as soon as I can get started in something that I can make monthly payments' and then makes a hopeful commitment that he can begin making monthly payments within the next two or three months. The conclusion that letter No. 1 is sufficient to remove the bar of the statute of limitations is also supported by the following authorities: Howard & Hume v. Windom, supra; Stein v. Hamman, et al., 118 Tex. 16, 6 S.W.2d 352, 9 S.W.2d 1104; Elsby v. Luna, Tex.Com. App., 15 S.W.2d 604; Cotulla v. Urbahn, 104 Tex. 208, 216-218, 126 S.W. 1108, 135 S.W. 1159, 34 L.R.A.,N.S., 345, Ann.Cas. 1914B, 217; Cochran v. J. B. Coe Lumber Co., Tex.Civ.App., 82 S.W.2d 684; C. H. Hyer & Sons v. Morrow, Tex.Civ.App., 16 S.W.2d 938; Power et ux v. Westhoff, Tex.Civ.App., 4 S.W.2d 274; Western Casket Co. v. Estrata, et al., Tex.Civ.App., 116 S.W. 113; Russ v. Cunningham, Tex. Sup., 16 S.W. 446."

■ We might review many other cases similar on the facts, in which the bar of the statute was held to be tolled. To do so would unduly prolong this opinion. Under authority of McKay v. Overton, supra, the

endorsements on the original note for $7,-000.00 were undoubtedly sufficient to toll the statute as to said note. Said endorsements were made before the death of Marie Schultze and their anthenticity is not questioned. This view is reinforced by recitals in the renewal note, which note we here set out in full.

"$6,000.00

San Antonio, Texas, June 17, 1935

On or before five (5) years after date, for value received, we promise to pay to the order of Mrs. Emma Schultze at San Antonio, Texas, the sum of Six Thousand ($6,000.-00) Dollars, together with interest thereon at the rate of seven (7%) per cent per annum, interest payable annually, beginning on July 21, 1935, and on the 21st day of July of each year thereafter until the full amount of this note is paid.

If this note is placed in the hands of an attorney for collection or if suit is brought on this note, or if it is collected through the probate or bankruptcy court, we agree to pay ten (10%) per cent additional hereon as collection fees.

This note is executed in renewal and extension of the balance of principal remaining unpaid on a certain note in the original principal sum of Seven Thousand ($7,000.00) Dollars, signed by Mrs. Marie Schultze, payable to the order of Mrs. Emma Schultze, dated July 21, 1920, the payment of which original note was, thereafter, duly extended from time to time. And the indebtedness evidenced by this renewal note represents a valid debt and obligation of the estate of the said Marie Schultze, now deceased, of which estate the undersigned are independent executors.

It is agreed that the proceeds of the first sale of real property belonging to the estate of Marie Schultze, deceased, which may be sold at any time after the date of this note, will be applied to and credited upon the principal and interest of this note.

(Signed) F. D. Schultze
(Signed) Willie Schultze
Independent Executors of the estate of Marie Schultze, deceased."

We further set out at length findings 7 and 8 by the trial court, supported by un-contradicted testimony, and by which under the law, we are bound:

"7. After the death of the said Marie Schultze (the maker of said original note for $7,000.00), during the year 1934, and prior to the month of October, 1934, the plaintiff herein, acting by and through her son, Walter Schultze, as her agent and attorney, made demand upon the said Fritz Schultze and Willie Schultze, as independent executors of the estate of Marie Schultze, deceased, for the payment of the balance of the indebtedness evidenced by said note for $7,000.00; and, thereupon, the said Fritz Schultze and Willie Schultze, as such independent executors, at a conference with plaintiff's said agent and attorney, at a time prior to October, 1934, and before said note for $7,000.00 was four years past due, asked and requested that plaintiff withhold the filing of any suit on said note for $7,000.00, and then and there stated that said note represented a valid, binding, and legal obligation of the estate of the said Marie Schultze, deceased, which was then due and owing; and said two executors then and there stated and represented to the said Walter Schultze, who was then and there acting as the agent and attorney of plaintiff, that, if plaintiff would refrain from instituting a suit upon said indebtedness, the executors of said estate would pay said indebtedness in full; and, in this connection, said executors stated and represented to plaintiff's agent and attorney that the estate was then indebted in a large sum of money to the Groos National Bank of San Antonio, Texas, that the estate owed a considerable amount of taxes, and that the executors did not consider it to be an opportune and appropriate time to make a sale of any property of the estate at the then depressed prices which might be obtained for the same; and said executors expressly acknowledged the validity of the indebtedness and agreed and promised to pay the same in full to plaintiff, provided plaintiff would refrain from instituting a suit on the said indebtedness and from obtaining a judgment thereon and satisfying the same out of property of the estate to be sold at an execution sale. The plaintiff believed and relied upon said statements and representations of the two executors,

accepted and acted upon their renewal of said indebtedness and their promise to pay the same, and refrained from filing any suit to enforce the collection of said indebtedness, as requested by the executors.

"8. On numerous occasions subsequent to the date of the death of the said Marie Schultze, the two executors promised and agreed to pay the indebtedness evidenced by said original note for $7,000.00; and, from time to time, they repeated to plaintiff's said agent and attorney the request that plaintiff refrain from instituting a suit upon said indebtedness, in consideraton of their renewed promise to pay said indebtedness in full. Finally, after plaintiff, through her agent and attorney, had made repeated further requests for payment and had urged defendants, as such executors, to sell sufficient property of the estate to pay said indebtedness, the executors executed and delivered to plaintiff a renewal note in the principal sum of Six Thousand Dollars ($6,000.00), hereinafter mentioned."

■ We here call attention to the following recital in said renewal note: "This note is executed in renewal and extension of the balance of principal remaining unpaid on a certain note in the original principal sum of Seven Thousand ($7,000.00) Dollars, signed by Mrs. Marie Schultze, payable to the order of Mrs. Emma Schultze, dated July 21, 1920, the payment of which original note was, thereafter, duly extended from time to time. And the indebtedness evidenced by this renewal note represents a valid debt and obligation of the estate of the said Marie Schultze, now deceased, of which estate the undersigned are independent executors," and said note was signed by said executors officially. Here was a definite acknowledgment in writing that the renewal note represented a valid debt and obligation of the estate of Marie Schultze to the extent of the unpaid principal of the original note, and that said original note had been duly extended from time to time. This admission against interest was undoubtedly made in good faith at the time, and appellants paid all accrued interest on the original note, and on the renewal note for more than four years, or to be exact, until October 25, 1939. As was said

in the case of Alamo Lumber Co. v. Fahrenthold, Tex.Civ.App., 58 S.W.2d 1085, 1087: "'All preliminary negotiations, whether written or unwritten, which have led to the execution of an agreement, are deemed to have been and are merged in it, and the writing must be taken as expressing the final views of the parties.'"

And in Sutton v. Schoellkopf, Tex.Civ. App., 62 S.W.2d 318, 321, the court said: "We think it might well be said that whatever the understanding and agreement there was as to the old or pre-existing indebtedness evidenced by the $15,000.00 note, it was all merged in the new extension note."

To the same effect is the case of Adkins v. Goodloe, Tex.Civ.App., 76 S.W.2d 168.

■ Under the facts in this case, we think that appellants, as such executors, were as fully bound as if they had been acting in their individual capacities. Appellee pleaded facts tending to show that appellants were estopped from pleading limitation against said original note. On this issue the trial court found that "In any event, upon the issue of limitation, the court concludes that said independent executors, defendants herein, by reason of their repeated promises to pay said indebtedness and their requests made of plaintiff that she refrain from instituting suit upon said indebtedness, were and are estopped from setting up a plea of limitation to plaintiff's cause of action upon the indebtedness sued on." That an executor may be estopped from pleading limitation the same as an individual debtor, is recognized in Kyle v. House, 38 Tex. 155, and in Rauch v. Hearne, TexCiv.App., 189 S.W.2d 342, writ denied, the latter case being strikingly similar on the facts to this case. See also Martin v. Dial, Tex.Com.App., 57 S.W.2d 75; Suhre v. Benton, Tex.Civ.App., 25 S.W. 822, very much in point; McNeese v. Page, Tex.Civ. App., 29 S.W.2d 489; Kraus v. Morris, Tex.Civ.App., 245 S.W. 450, very much in point; Frey v. Pearson, Tex.Civ.App., 168 S.W.2d 886; Palfrey v. Harborth, Tex. Civ.App., 158 S.W.2d 326.

See also findings of fact Number 7 and 8 by the trial court set out above. We also think that appellants having expressly acknowledged in said renewal note that said

indebtedness was a valid debt and obligation against the estate of Marie Schultze, and that it had been duly renewed and extended from time to time, estops appellants from now asserting that said note was barred by limitation. We also sustain the trial court in its findings that said original note was not barred by limitation at the date of said renewal note.

Appellants contend that if it be held that said renewal note is a valid obligation, this suit was prematurely brought, such contention being based upon the last paragraph thereof, which is as follows: "It is agreed that the proceeds of the first sale of real property belonging to the estate of Marie Schultze, deceased, which may be sold at any time after the date of this note, will be applied to and credited upon the principal and interest of this note."

Appellants insist that the quoted provision modifies and controls the maturity date of the note. We think the contention is wholly without merit. The instrument itself admits of no such construction. To so construe it, would place it within the power of appellants to postpone indefinitely the maturity of said note. The record discloses that at the date of the trial, April 14, 1947, no sale of any real estate belonging to said estate had been made. Approximately twelve years had elapsed already, and any sale might easily have been deferred for years thereafter. No express words limiting or modifying "on or before five years after date, * * * we promise to pay", appeared in said note, nor could such words be supplied by implication from any provision of the instrument. The record shows that appellee had long been pressing for settlement of the note. Appellants, while admitting the validity of the debt and that the original note had been duly renewed and extended from time to time, yet pleaded for more time within which to sell estate property, because to sell voluntarily, or in pursuance of judgment and execution while property values were depressed would mean a heavy loss to the estate. The renewal note resulted from the negotiations between the parties, but it was provided that the proceeds of the first sale should be applied as a credit on the note.

No provision was made for subsequent sales until the note was discharged, should the first sale be inadequate for the purpose. The provision as to the application of the proceeds of the first sale had nothing to do with the date of maturity of the note. Had a sale been made, appellee would have been entitled to have the proceeds credited on the note. Since no date was fixed within which a sale must be made, appellee was powerless to compel a sale under that provision of the instrument, and as to the time element, it was purely unilateral.

We hold that the promise to pay, "on or before five years after date" was wholly unconditional, and that five years having elapsed from the date of the note, the suit was not prematurely brought. See Standard Surety & Casualty Co. v. Wynn, Tex.Civ.App., 172 S.W.2d 789, supra.

Appellants complain of the alleged commingling of findings of fact and conclusions of law by the trial court. After careful consideration, we think that reversible error is not shown. The parties filed in addition thereto, an agreed statement of facts, which was also certified by the trial judge. Moreover, appellants have shown no injury accruing to them by reason of such alleged error, nor that they were thereby prevented from effectually prosecuting their appeal. We see no reversible error resulting from such alleged error. Rule 434, Texas Rules of Civil Procedure; Russell v. Lehman, Tex.Civ.App., 300 S.W. 105; Yost v. Wilson, Tex. Civ.App., 27 S.W.2d 286; Jones v. Rainey, Tex.Civ.App., 168 S.W.2d 507–509.

The judgment of the trial court is affirmed.