## WILSON v. BOWDEN, et al.

CHOSES IN ACTION—*Enforcible in Equity.*—A person may be entitled, in equity, to money due upon a bond or chose in action, although the legal title has not been transferred by assignment; and such purchaser of a chose in action, in equity, will have a right of subrogation to the debt and all the securities that attend it, and can enforce its collection in equity.

*Appeal from Pope Circuit Court.*

HON. WILLIAM N. MAY, Circuit Judge.

*Clark & Williams*, for appellants.

HARRISON, J.

This was a bill in chancery, exhibited in the Pope circuit court, by Joseph E. Wilson, William J. Ashmead, and Mary Ashmead, his wife, against Elizabeth Bowden, Louisa Burkhead, and the heirs at law and the administrator of John S. Bowden, deceased.

John S. Bowden, on the 22d day of January, 1861, executed to Louisa Burkhead, a writing obligatory for five hundred and sixty-five dollars, payable in seven months after date, with ten per cent. interest from date, and to secure the payment of the same, he and Elizabeth Bowden, his wife, executed to her a mortgage on a tract of land containing about one hundred and twenty acres.

Louisa Burkhead, to use the exact language of the bill, "for value received, sold and delivered" the writing obligatory and mortgage, to Samuel D. Wilson, the guardian of the complainants—Joseph E. Wilson and Mary Ashmead, then Mary Wilson—for their use and benefit.

Elizabeth Bowden, it was alleged, was in possession of the land.

The bill prayed that the complainants might be subrogated to the rights of Louisa Burkhead; that the equity of redemption of Elizabeth Bowden, and the heirs of John S. Bowden, in the mortgaged premises, be foreclosed, and that the same be sold for the payment and satisfaction of the writing obligatory.

Elizabeth Bowden and Jackson J. Bowden, the administrator of John S. Bowden, filed a demurrer to the bill, in which they assigned as grounds therefor, first; that no assignment of the writing obligatory and mortgage to the said Samuel D. Wilson, or to the complainants, was alleged or shown in the bill; and second, that it contained no allegation of an indebtedness of Samuel D. Wilson to the complainants.

The other defendants made no defense, but no decree *pro confesso*, was taken against them.

The court sustained the demurrer and dismissed the bill.

The question raised by the demurrer may be readily disposed of. That a person may be entitled in equity to the money due upon a bond or other chose in action, notwithstanding the legal title has not been transferred to him by assignment, so that he may sue upon it at law, is so plain and familiar a proposition as not to admit of discussion.

The bill alleges that Louisa Burkhead had, for value received

by her, sold and delivered the writing obligatory and mortgage to Samuel D. Wilson, for the use and benefit of the complainants.

Although she had not assigned the writing obligatory, by an indorsement, and the legal title remained in her, she had no beneficial interest in it, and held it only as trustee for the complainants, who alone were, in equity, entitled to the money due upon it; and they sought to be subrogated to her right to enforce its collection.

A chose in action may be the subject of a sale which will entitle the purchaser to all the remedies or securities held by the vendor, and to enforce them by action, in the name of the vendor, but for his own benefit; and in equity will give a right of subrogation to the debt itself, and to all the securities that attend it. *Carter v. Jones, 5 Ired. (Eq.) 196; Matthews v. Aiken, 1 Const. 595; 2 Amer. Lead. cases, 407; 2 Lead. cases in eq. 230.*

The other objection, that the bill contains no allegation of an indebtedness from Samuel D. Wilson to the complainants, is wholly immaterial. Their right to the money due upon the bond was derived from the purchase of it for their use, which their guardian might make, whether indebted to them or not.

The matters set forth in the bill, if true, entitle the complainants to the relief they pray, and the demurrer to it should have been overruled.

The decree of the court below must, therefore, be reversed and the cause remanded for further proceedings.