BAKER-MATTHEWS MANUFACTURING CO. *v.* GRAYLING
LUMBER COMPANY.

Opinion delivered May 27, 1918.

1. LIMITATIONS—DEBTOR ESTOPPED TO PLEAD, WHEN.—A debtor may
be estopped by his own conduct from setting up the statute of
limitations as a defense; he can not plead the statute where he
has misled the creditor and induced him to refrain from bring-
ing an action within the statutory period.

2. CORPORATIONS—SALE OF LAND—TRESPASS—RIGHT OF PURCHASER TO
MAINTAIN ACTION.—The A. Co. sold certain timber lands to ap-
pellee, but appellant had cut timber from the land wrongfully
before the sale. The A. Co. surrendered its charter and ceased to
exist. *Held,* appellee had a right to maintain an action for the
trespass against the appellant. The sale transferred only the
equitable title to the cause of action against the appellant.

3. ASSIGNMENTS—RIGHT OF EQUITABLE ASSIGNEE TO SUE AT LAW.—
The equitable assignee of a cause of action can not maintain an
action at law in its own name, but it may sue in the name of the
assignor, and that remedy is such an adequate one that a court of
equity will not assume jurisdiction merely because the assignee
does not hold the legal title.

4. TRESPASS—RIGHT OF ASSIGNEE OF CAUSE OF ACTION TO SUE AFTER
ASSIGNOR, A CORPORATION, HAS GONE OUT OF EXISTENCE—EQUITY
JURISDICTION.—The A. Co. transferred certain lands to appellee,
and thereafter went out of existence. Before the transfer appel-
lant had committed a trespass upon the lands by cutting and
removing timber therefrom. *Held,* appellee could, under the facts,
maintain an action in equity in its own name against appellant.

Appeal from Desha Chancery Court; *Z. T. Wood,*
Chancellor; affirmed.

*E. E. Hopson* and *J. W. & J. W. House, Jr.,* for ap-
pellants.

1. The suit is barred by the statute of limitations.
The statute was not waived by the letters or acts of ap-
pellant. 91 Ark. 162; 10 *Id.* 134; 11 *Id.* 666; 26 *Id.* 540;
76 Atl. 716; 57 Ark. 583; 85 *Id.* 584. It was an unliqui-
dated claim and not a debt. The amount was never
agreed upon. There was no estoppel or waiver.

2. The chancery court had no jurisdiction, this being
a law action. 85 Ark. 208, 211; 65 *Id.* 600; 43 *Id.* 485; 30

Mich. 345; 6 Pom. Eq. § § 857-8; 53 N. Y. 185; 104 Ark. 154; 94 *Id.* 306.

3. Appellee is not entitled to recover either at law or in equity. 85 Ark. 208; 76 *Id.* 426; 94 *Id.* 115; 30 Mich. 345; 11 Cush. 433; 33 S. E. 696; 89 N. W. 976; 56 S. W. 525; 64 *Id.* 620; 79 Pac. 14; 48 N. Y. Supp. 496; 54 S. E. 539; 54 N. W. 718; 20 So. 952; 44 N. W. 257. Trespass does not run with the land. Appellee had no title nor possession at the time the trespass was committed.

*Jack Bernhardt* and *Sam'l Frauenthal,* for appellee.

1. The appellee is not barred because (1) appellant is estopped by its promises, letters and conduct. 17 R. C. L. 884, § 243; 1 Wood on Lim. (4 ed.), p. 355, note 20; 65 Mo. App. 55; 1 Atl. 204; 63 L. R. A. 193, 198 note.

(2) By letters appellant acknowledged its liability within the three years. 25 Cyc. 1337, 1342, 1353; 17 R. C. L. 896, § 255; 1 Wood on Lim. (4 ed.) 361, 362, 372; 77 Ark. 228; 22 *Id.* 291.

(3) Appellee did not discover that the timber had been cut until December, 1912, within three years. 25 Cyc. 1211.

2. The chancery court had jurisdiction. Appellee succeeded to *all* the rights of the Desha Land & Timber Co., and appellee was its successor. 3 Pom. Eq. Jur. (3 ed.) § 1275; 1 *Id.* § 368; 29 Cyc. 1625; 176 Fed. 772; 127 S. W. 1152; 85 Ark. 208; 53 N. Y. 185.

Appellee was the only real party in interest. Kirby's Dig., § 5999; 93 Ark. 215; 99 *Id.* 386.

McCULLOCH, C. J. Appellee instituted this action against appellant in the chancery court of Desha County to recover the value of timber alleged to have been cut by appellant on a certain tract of land in that county.

It is alleged in the complaint that the trespass was committed in July, 1911, but that appellee did not become aware of it until March 22, 1913, and that thereupon appellee entered into correspondence with appellant looking to a settlement of the claim, and that appellant by its written statements concerning the settlement led the

agents of appellee to believe that the claim would be paid without any necessity for a suit, and thereby induced appellee to refrain from commencing an action until the bar of the statute of limitations had attached.

The jurisdiction of the court of equity was invoked on the ground that there was no adequate remedy at law to escape the statute bar. There was a demurrer to the complaint, which the court overruled, and appellant also filed a motion to transfer the cause to the circuit court, which motion was overruled. Appellant filed an answer denying that appellee was the owner of the tract of land on which the timber stood, and denying that appellant cut the timber, or authorized its agents to do so. The answer also contained a plea of the statute of limitations. The cause was heard upon the depositions of the witnesses, and the court found in favor of appellee for recovery of the sum of $1,833, and rendered a decision accordingly.

The facts of the case, according to the testimony adduced, are as follows:

The tract of land on which the timber is said to have been cut by appellant was originally the property of Desha Land & Timber Company, a foreign corporation, and in February, 1911, negotiations were commenced between that corporation and appellee for the sale of that tract and other tracts of land in the same locality. The negotiations between the two corporations resulted in an agreement for the sale of all the lands of the Desha Land & Timber Company in that locality to appellee prior to July of that year, but the deed was not executed until September 8, 1911, when the Desha Land & Timber Company executed a deed of conveyance to appellee conveying this tract and all other tracts in that locality owned by the first named corporation. Shortly thereafter Desha Land & Timber Company surrendered its charter in the State of its domicile and ceased to do business. During the negotiations the quantity, quality and value of timber on the land was carefully estimated by employes of appellee in order to appraise the market

value of the land, which was chiefly valuable on account of the timber, and the estimates thus made formed the basis of the purchase price agreed on by appellee with Desha Land & Timber Company. When the sale was consummated by the execution of the deed neither of the parties was aware of the fact that large quantities of the timber had, in the meantime, been removed by trespassers. The timber was cut by appellant's employees in the latter part of June and the early part of July, 1911. The proof adduced by appellee shows that the timber taken from the land amounted to 533,250 feet, and was of a market value of $6 per thousand feet, making a total valuation of $3,199.50, the amount claimed by appellee in this action. The proof adduced by appellant tended to show that only about 200,000 feet of timber was cut and that it was of very poor quality, not worth more than $2.50 per thousand. · It is not contended that the preponderance of the evidence is against the finding of the chancellor as to the amount of recovery.

It is insisted, however, that the plaintiff is not entitled to recover for the trespass for the reason that it was not the owner of the lands and timber at the time the trespass was committed; that the claim was barred by the statute of limitations before the commencement of the action, and also that the action was improperly brought in the chancery court, and that the court erred in refusing to transfer the cause to the law court for trial.

(1) The evidence is sufficient to justify the finding that appellant, in its negotiations with appellee looking to a settlement of the claim, wrongfully induced the agents of appellee to believe that an amicable adjustment of the claim would be made without suit, and that appellee was thereby induced to refrain from instituting an action in time to prevent the statute bar from attaching. It is a well-recognized principle in the law that a debtor may be estopped by his own conduct from setting up as a defense the statute of limitations, and this rule has often been applied where the debtor has misled the creditor and induced him to refrain from bringing an action within the

statutory period. The rule is correctly stated in 17 R. C. L., p. 884, as follows:

"A debtor has frequently been held to be estopped from relying on the statute as a defense where, by acts of a fraudulent character, he has misled the creditor and induced him to refrain from bringing suit within the statutory period. And if a defendant intentionally or negligently misleads a plaintiff by his misrepresentations, and causes him to delay suing until the statutory bar has fallen, the defendant will be estopped from pleading the statute of limitations. And the prevailing view seems to be that the doctrine of estoppel applies where the creditor, before the debt is barred, is lulled into security by the oral promises of the debtor that he will not avail himself of the statute of limitations, and suit is delayed by reason thereof. It is not necessary that the debtor should intend to mislead, but, if his declarations are such as are calculated to mislead the creditor, who acts upon them in good faith, an estoppel will be created."

Many cases are cited in support of the above text.

The undisputed testimony establishes the fact that though the sale by the Desha Land & Timber Company to appellee was not consummated until after the trespass was committed by appellant and the timber removed, the effect of the sale as consummated was to transfer to appellee all of the rights of the other corporations here in Arkansas connected with the land as it stood at the time the negotiations were begun, and that such was the intention of the parties to the sale and conveyance. In other words, the evidence shows that the Desha Land & Timber Company, in anticipation of the surrender of its charter rights, sold out and transferred to appellee all of its rights here concerning the lands owned by that company, and that appellee became the successor of the other corporation, and succeeded to the rights of the other corporation concerning the property here. The debts of the old corporation were presumably paid in full, there being no showing in this case to the contrary, and the assets passed to the stockholders. Those stock-

holders received stock in appellee corporation in payment of the consideration for the sale of the timber lands, and the undisputed testimony shows that they intended to pass to appellee all of the rights of the old corporation and its stockholders. Such was the necessary effect of the transaction. 2 Cook on Corporations.

(2-3) That being true, appellee had the right to maintain an action for the enforcement of those rights, even though the sale was consummated subsequent to the trespass. The Desha Land & Timber Company surrendered its charter and passed out of existence before the commencement of this suit, and for that reason could not be joined as a party to the action. But the deed of conveyance, which was the only written evidence of the transaction, did not purport to convey the right of action against the trespassers, and there is, therefore, no written evidence of the transfer so as to constitute a transfer of the legal title to the cause of action. Only the equitable title was transferred, which did not carry with it the right to maintain an action at law in the name of the assignee. *Wilson* v. *Bowden,* 26 Ark. 151. An equitable assignee can, however, sue at law in the name of the assignor, and that remedy is such an adequate one that a court of equity will not assume jurisdiction merely because the assignee does not hold the legal title. 3 Pomeroy's Equity Jurisprudence, Sec. 1271; *Hayward* v. *Andrews,* 106 U. S. 672; *New York Guaranty Co.* v. *Memphis Water Co.,* 107 U. S. 205; *Hayes* v. *Hayes,* 18 Stewart, (45 N. J. Eq.) 461, 47 N. J. Equity 657. This doctrine, with its limitations, is clearly stated by the Supreme Court of the United States in *Hayward* v. *Andrews, supra,* as follows:

"If the assignee of the chose in action is unable to assert in a court of law the legal right of the assignor, which in equity is vested in him, then the jurisdiction of a court of chancery may be invoked because it is the proper forum for the enforcement of equitable interests, and because there is no adequate remedy at law; but when, on the other hand, the equitable title is not in-

volved in the litigation, and the remedy is sought merely
for the purpose of enforcing the legal right of his as-
signor, there is no ground for an appeal to equity, be-
cause by an action at law in the name of the assignor
the disputed right may be perfectly vindicated, and the
wrong done by the denial of it fully redressed.''

In the later case cited above, the same court said:
''We have lately decided, after full consideration of the
authorities, that an assignee of a chose in action on which
a complete and adequate remedy exists at law can not,
merely because his interest is an equitable one, bring a
suit in equity for the recovery of the demand. He must
bring an action at law in the name of the assignor to his
own use. This is true of all legal demands standing in
the name of a trustee, and held for the benefit of the
*cestuis que trust.*''

The subject was very thoroughly discussed by Judge
Gray in delivering the opinion of the Supreme Judicial
Court of Massachusetts, in the case of *Walker* v. *Brooks,*
125 Mass. 241, where the following rule was stated, which,
we think, sustains the jurisdiction of the court of equity
in the case now before us:

''But a court of equity will not entertain a bill by
the assignee of a strictly legal right, merely upon the
ground that he can not bring an action at law in his own
name, nor unless it appears that the assignor prohibits
and prevents such an action from being brought in his
name, or that an action so brought would not afford the
assignee an adequate remedy.''

(4) The facts of the present case are that the as-
signor of appellee's equitable title, the Desha Land &
Timber Company, had no legal existence, and, therefore,
a suit could not be maintained in its name. Its charter
was, as before stated, surrendered and it passed out of
legal existence, and that occurred before either that cor-
poration or appellee was aware of the right of action for
the trespass committed by appellant. There was, there-
fore, no legal remedy at law for the enforcement of the
right acquired by appellee at the time the discovery of the

right of action was first made, and a court of equity is the only forum open to appellee for the enforcement of the right. Upon that ground alone we sustain the jurisdiction of the chancery court in this case. It could not be sustained on the ground merely that appellant prevented the institution of the action until after the bar of the statute of limitations had attached, for the estoppel which arose from that account could have been pleaded in an action at law. *Chase* v. *Carney,* 60 Ark. 491; *Bailey* v. *Glover,* 21 Wall. 342; *Rosenthal* v. *Walker,* 111 U. S. 185.

It follows, therefore, from what we have said, that the decree of the chancellor was correct, and the same is affirmed.