**KRAUS v. A. H. & D. H. MORRIS.**
**(No. 6829.)**

(Court of Civil Appeals of Texas. San Antonio. Nov. 22, 1922.)

1. Limitation of actions ⚖⇒197(3)—Evidence held to show definite extension agreement on open account made sufficient to bar limitations.

Evidence that a tenant, being unable to pay his annual rent and store account, entered into an agreement with his landlord to extend the time of payment until the end of the following "crop year," and that at the end of such extension, he being again unable to pay, made a similar agreement for another extension, held to warrant the jury in finding that a sufficiently definite and certain agreement had been made to stay the running of the two-year statute of limitation on open accounts.

2. Contracts ⚖⇒237(2)—Interest held to support agreement for extension of account.

Interest on deferred payments on account, either by agreement or by statute, held sufficient consideration to support an extension of time for paying the account.

⚖⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

3. **Limitation of actions** ⊕=13 — **Debtor estopped to plead limitations as bar to account where extension had been at his request and debt was acknowledged.**

Where it is undisputed that an account was owing and that the debtor had enjoyed several extensions based upon his renewed promise of payment, he is estopped to plead the statute of limitations as a bar in an action on the debt, even if the extension agreements were not sufficient to bind the debtor.

Appeal from District Court, Gillespie County; J. H. McLean, Judge.

Action by A. H. & D. H. Morris against Albert Kraus. From a judgment for plaintiffs, defendant appeals. Affirmed.

Sagebiel & Usener, of Fredericksburg, for appellant.

Alfred P. C. Petsch, of Fredericksburg, for appellees.

SMITH, J. In the years 1917, 1918, and 1919 appellant, Kraus, rented 100 acres of farm land from appellees Morris. The latter operated a store and gin, both of which were patronized by Kraus during the period mentioned, and thus from time to time Kraus became indebted to appellees for rent, merchandise, and tolls. On December 19, 1917, the parties had a settlement leaving Kraus owing appellees a balance of $150, which at his instance the latter agreed to carry over to the end of the next "crop year." On December 30 of the following year, 1918, Kraus' account amounted to $462, including the balance due the previous year, none of which he was able to pay, although he did pay interest upon the $150 due from 1917. He again requested appellees to carry the whole debt over to the end of the next crop year, 1919, and they consented to do so and he agreed to pay it at that time. On January 14, 1920, Kraus' account, including the amounts brought over from 1917 and 1918, amounted to $899.25, a part of which accrued in 1919. He paid the 1919 account, but could not pay the balance, upon which appellees brought suit on December 24, 1921. The cause was submitted to the jury, who, in response to special issues, found the essentials of the facts above set out, and judgment was rendered for appellees.

[1] Appellant did not deny the justice or correctness of the account sued on, or that he owed it in full, but seeks to defeat it alone upon a plea of the two-year statute of limitation. Both the accounts of 1917 and of 1918 were in fact barred by this statute, unless they were taken out of the bar by the extension of the 1917 debt to 1918, and of the combined debts to 1919. The jury were warranted in finding, as they did, that these extensions were agreed to by the parties. Appellant vigorously and ingeniously challenges these findings, upon the grounds that the alleged extension agreements were vague and indefinite and without consideration, in either of which contingencies they would fail of their purpose. The testimony showed that in each instance Kraus claimed to be unable to pay up, and asked appellees to carry the debt over to the end of the next "crop year," and that appellees consented to do so. The evidence of the meaning of the term "crop year" was quite flexible, but the effect of this evidence was that the crop year concurred with the calendar year. The rental agreements, which were made along with all the other agreements and settlements, ran from January 1st to January 1st each year, and the last extension agreement by which the plea of limitation must stand or fall, was made on December 30, 1918, while the settlement for 1919 was made on January 14, 1920. These facts within themselves warranted the conclusion that the agreement of Kraus to pay the old debts at the end of the crop year meant that he would pay them at the end of the calendar year.

[2] The agreement to pay interest on the deferred payments was not clearly shown, but these were open accounts, which under the statutes bear interest from the 1st of January following their accrual, and the fact that the deferred debt bears interest, either by agreement or by operation of law, is sufficient consideration to support an extension agreement of this character. Benson v. Phipps, 87 Tex. 578, 29 S. W. 1061, 47 Am. St. Rep. 128.

[3] It is undisputed that Kraus owes the debts; that appellees extended the time of payment at his request, and continued to indulge him both in extending further credit and renting land to him, upon the faith of his renewed promises of payment. Even if the extension agreements were not sufficient, as such, to bind Kraus, we think he was estopped to plead limitations against those who had thus been lulled into inaction by his promises.

The judgment is affirmed.

⊕=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes