JOHNIE B. MARCUM v. RICHMOND AUTO PARTS CO.

[No. 670A94. Filed June 29, 1971. Rehearing denied July 27, 1971.]

*William C. Runyon, Shepard and Runyon,* of Liberty, for appellant.

*Russell H. Schussler, Harlan, Harlan, Schussler and Keller,* of Richmond, for appellee.

SULLIVAN, P.J.—The action below under the former rules of procedure was for damages based upon the alleged negligence of one of defendant company's employees. Defendant filed its answer in two paragraphs, the first of which was in substance a denial. The second paragraph of answer sought to interpose the two-year statute of limitations applicable to personal injury cases as a bar to plaintiff's cause of action. Plaintiff filed his reply in which he asserted that the statute of limitations could not be successfully raised by defendant for the reason that defendant's agents fraudulently induced him into not consulting an attorney or doing any other act to protect his rights until after the expiration of the two-

year period. The reply specified the precise representations made by defendant's agents, employees of defendant's insurance carrier, and alleged that the fraudulent representations induced plaintiff to inaction substantially as follows: That defendant's agents made representations to plaintiff over a period of time inducing him by fraud to do nothing to protect his legal rights arising out of the incident complained of in that the agents of defendant, employees of defendant's insurer, told plaintiff that they were authorized to pay him his medical expenses and to pay him for his lost wages and that they would in fact make a fair cash settlement with him; that they were admitting liability of the defendant for plaintiff's injuries; that the defendant carried separate medical insurance which would pay all medical expenses; and specifically requested plaintiff not to consult an attorney, prompting plaintiff to not do so. Plaintiff further alleged in his reply that he had little education, no experience in settling insurance claims, and that one day after expiration of the statute of limitations, defendant's agents stated that they would make no settlement for his injuries nor pay any of his medical expenses.

Defendant's demurrer to the reply was sustained and judgment was entered upon the pleadings for defendant when plaintiff elected not to plead over.

The sole question before this court is whether appellee-defendant is entitled to interpose the bar of the two-year statute of limitations. Appellee argues that there must be a fraudulent concealment of the cause of action before plaintiff can escape the consequences of the statute of limitations.[1] In other words, says appellee, if plaintiff knew or in the exercise of reasonable diligence could have known of the

1. IC 1971, 34-1-2-9, as found in Ind. Ann. Stat. § 2-609 (Burns' 1967), reads as follows:
"If any person liable to an action, shall conceal the fact from the knowledge of the person entitled thereto, the action may be commenced at any time within the period of limitation, after the discovery of the cause of action. [Acts 1881 (Spec. Sess.), ch. 38, § 46, p. 240.]"

existence of his cause of action, the statute of limitations is not tolled by misrepresentations of future intentions by and on the part of defendant's insurer.

Plaintiff-appellant retorts that while concealment of the cause of action is admittedly not present in this case, active fraud by defendant's agents prevented plaintiff from asserting his lawful claim and that equity will not sanction such a reprehensibly obtained benefit.

A cursory reading of Indiana case law in this area might superficially indicate appellee's position to be meritorious. For example, in *Jackson* v. *Jackson* (1897), 149 Ind. 238, 47 N. E. 963, the court held that the statute of limitations barred plaintiff's action because he had not exercised reasonable diligence to discover the existence of his cause of action. To the same effect is *State, ex rel.* v. *Jackson* (1913), 52 Ind. App. 254, 100 N. E. 479. In *Fidelity, etc., Co.* v. *Jasper Furniture Co.* (1917), 186 Ind. 566, 117 N. E. 258, as well as in *Landers* v. *Evers* (1940), 107 Ind. App. 347, 24 N. E. 2d 796, it was held that defendants may successfully assert a statute of limitations to bar an action when the cause of action is based upon facts which are within plaintiff's knowledge or are readily ascertainable.

Appellee's reliance upon the cases hereinabove cited is not well taken, however. Appellant has as noted readily admitted that neither appellee nor its agents concealed the existence of the cause of action from plaintiff-appellant. As noted in *Landers* v. *Evers, supra,* it is not only true concealment of the cause of action as treated in that case and in the other three decisions cited which will serve to extend the period during which the statute of limitations runs. A defendant may be prevented from relying upon a statute of limitations by his own misrepresentations or fraud, even though he has not concealed the cause of action. Such factual situation gives rise to the application of the doctrine of equitable estoppel. *Landers* v. *Evers, supra,* at

page 349-350. See also *Parks* v. *Satterthwaite, Administrator* (1892), 132 Ind. 411, at 414, 32 N. E. 82. To be sure, discussion of the doctrine of equitable estoppel in the *Landers* case was couched in terms of prevention of inquiry or the eluding of investigation as related to the ability of plaintiff to reasonably discover the existence of his cause of action. The court did, however, clearly recognize the doctrine's applicability in situations where concealment of the cause of action is not present or alleged.[2]

Bare recognition of abstract legal principle, however, is of little consolation to guileless and trusting plaintiffs who through no fault of their own and by reason of the misrepresentations of their prospective adversary have been induced to allow the statutory period of limitation to expire. A prophecy of equity and justice for such plaintiffs has been made more recently in *Donnella, Admrx.* v. *Crady* (1962), 135 Ind. App. 60, 63, 185 N. E. 2d 623, and in *Guy* v. *Schuldt et al.* (1956), 236 Ind. 101, 138 N. E. 2d 891. In the former, this court said:

> "Equity will estop a party from setting up the statute of limitations as a defense in an action where such party by fraud or other misconduct has prevented a party from commencing his action or *induced him to delay the bringing of his action* beyond the time allowed by law. The time for commencing an action governed by the general statutes of limitation may thus be extended." 135 Ind. App. 60, 63. (Emphasis supplied.)

And in the latter, the Supreme Court stated:

> "Before the doctrine of estoppel may be used to bar the defendant's use of the statute of limitations, the fraud must be of such character as to prevent inquiry, or to elude investigation, or *to mislead the party who claims the cause of action.* (emphasis supplied.)

---

2. An earlier case, *State, ex rel. Harrison, Trustee,* v. *Osborn et al.* (1896), 143 Ind. 671, 42 N. E. 921, contained a similar hint of recognition:
"No concealment is alleged in the several paragraphs of reply mentioned, *nor is any excuse given for the delay in commencing the action.*" 143 Ind. 671, 679. (emphasis supplied)

* * * *

"Fraud may consist of intentional deception, relied upon by another which induces him to part with property or surrender a legal right such as a cause of action." 236 Ind. 101, 107-108.

It cannot be seriously contended that one could surrender a legal right of which he has no knowledge. Surrender contemplates the conscious relinquishment of the right. Thus, the Supreme Court decision in the *Schuldt* case necessarily contemplates extension of the statute of limitations not only to true concealment situations but also when a plaintiff has delayed commencement of a known cause of action under circumstances as here shown.

The dictum in the *Donnella* case and the quoted language from the *Schuldt* case indicate a willingness or inclination for Indiana to adopt a principle of law similar to that pronounced in *Gieder, etc., et al.* v. *Phila. Transpor. Co.* (1954 Pa.), 3 D. & C. 2d 135. The opinion enunciated by the trial judge in the Pennsylvania case is unassailable in its wisdom and in its justice:

"The [statutory limitation] concept springs from a compelling concession to the dominating intrusions of time and the need in sequel to place repose upon inertia. Remembrance by the witness becomes the more imperfect with the slipping of days, a witness may move or die, the pertinent paper may be lost, destroyed, or mislaid—these may be the jumble of the sheer circumstance of lapse of time, and the matter dims and futility enters. The result is a hazard and of prejudice to an innocent defendant.

"But where a defendant is not innocent and acts so that a plaintiff does not act, he may be required to accept the hazard he fashioned for himself. Where, for example, he commits fraud or concealment, the shield of the limitation is removed, at least until plaintiff knows the truth, or reasonably ought to know it (citations omitted).

"Here, because of defendant's conduct through its adjuster, plaintiffs did not know there was a two-year limitation upon bringing the action. It is the fact that the adjuster's last visit to plaintiffs was in July 1952, a few months short of the two-year period and it could be said plain-

tiffs still had time to start suit. But that connotes an immediate end to the impression and effect of the adjuster's statements with his last visit, which expects too much of those remote from a required knowledge of the applicable law.

"And recurring to essentials, it is to be remembered that no harm has come to defendant by the delay. There is no averment that prejudice has accrued by death or disappearance of witnesses or by the loss or disappearance of pertinent testimony.

\* \* \*

"Equity calls on law for help to determine laches (citation omitted); law should call on equity where a statute of limitations works inequity. And I refuse to be told that lifting the bar of the statute of limitations opens the door easily to fraud. Judges should be sturdy and alert enough to recognize and halt fraud as it attempts to pass the door." 3 D. & C. 2d 135, 139-140.

It is difficult to conceive of a stronger case for the application of the doctrine of equitable estoppel than that where a plaintiff has been induced by fraud on the part of a defendant to defer the commencement of suit. Fraud in the technical or classical sense, bad faith, or an intent to mislead or deceive is not, however, essential to the application of the doctrine. In *Beecher* v. *City of Terre Haute, et al.* (1956), 235 Ind. 180, 184-185, 132 N. E. 2d 141, our Supreme Court noted:

" 'Constructive fraud is fraud which arises by operation of law, "from acts of (a) course of conduct which, if sanctioned by law, would either in the particular case, or in common experience, secure an unconscionable advantage, irrespective of the existence or evidence of actual intent to defraud." *Leader Publishing Co. et al.* v. *Grant Trust and Savings Co., Trustee* (1914), 182 Ind. 651, 660, 108 N. E. 121.' *Ballard* v. *Drake's Estate* (1937), 103 Ind. App. 143, 148, 5 N. E. 2d 671. 'Fraud, however, may exist without any intention to "do a wrong," as the law itself may, under certain conditions, declare a thing to be fraudulent without a real intention to commit fraud having been found. This is known as constructive fraud, or fraud in law, and may consist of any breach

of duty, which, if not relieved against, would operate as a fraud.' "

See also *Brown* v. *Brown* (1956), 235 Ind. 563, 135 N. E. 2d 614.

More analogous to the case before us is *Howard* v. *West Jersey & S. S. R. Co.* (1928), 102 N. J. Eq. 517, 141 A. 755 (Affirmed 144 A. 919), a case virtually indistinguishable upon its facts. There, the New Jersey court said:

> "It must be recognized that the statute of limitations is for the benefit of individuals, and not to secure general objects of policy; hence it may be waived by express contract or by necessary implication, or its benefits may be lost by conduct invoking the established principles of estoppel in pais. Freeman v. Conover, 95 N. J. Law, 89, 112 A. 324. Also it should be noted that, while the doctrine of estoppel in pais rests upon the ground of fraud, it is not essential that the representations or conduct giving rise to its application should be fraudulent in the strictly legal significance of that term, or with intent to mislead or deceive; the test appears to be whether in all the circumstances of the case conscience and duty of honest dealing should deny one the right to repudiate the consequences of his representations or conduct; whether the author of a proximate cause may justly repudiate its natural and reasonably anticipated effect; fraud, in the sense of a court of equity, properly including all acts, omissions, and concealments which involve a breach of legal or equitable duty, trust, or confidence, justly reposed, and are injurious to another, or by which an undue and unconscientous advantage is taken of another.
>
> "While it cannot be said to be ordinarily any part of duty to apprise an adversary of his rights, it must be recognized that one cannot justly or equitably lull his adversary into a false sense of security, and thereby cause his adversary to subject his claim to the bar of the statute, and then be permitted to plead the very delay caused by his course of conduct as a defense to the action when brought."

The Pennsylvania and New Jersey decisions extensively quoted above are not alone in their realistic approach to the doctrine of equitable estoppel. The weight of authority in

the United States is similarly disposed. *Thompson* v. *Phenix Ins. Co.* (1890), 136 U. S. 287; *Bergeron* v. *Mansour* (1st Cir. 1945), 152 F. 2d 27; *Munger* v. *Boardman* (Ariz. 1939), 88 P. 2d 536; *Baker-Matthews Mfg. Co.* v. *Grayling Lumber Co.* (1918), 134 Ark. 351, 203 S. W. 1021; *Sumrall* v. *City of Cypress* (1968), 258 Cal. App. 2d 565, 65 Cal. Rptr. 755; *Industrial Indemnity Co.* v. *Industrial Accident Com'n.* (Cal. App. 1953), 252 P. 2d 649; *Miles* v. *Bank of America Nat. Trust & Savings Ass'n* (Cal. App. 1936), 62 P. 2d 177; *Sabath* v. *Morris Handler Co.* (1968), 102 Ill. App. 2d 218 243 N. E. 2d 723; *Safeway Stores Inc.* v. *Wilson* (1962), 190 Kan. 7, 372 P. 2d 551; *Clover Splint Coal Co.* v. *Lorenz* (1937), 270 Ky. 676, 110 S. W. 2d 457; *Chandlee* v. *Shockley* (1959), 219 Md. 493, 150 A. 2d 438; *LaBonte* v. *New York, New Haven & Hartford R.R.* (1960), 341 Mass. 127, 167 N. E. 2d 629; *MacKeen* v. *Kasinskas* (1956), 333 Mass. 695, 132 N. E. 2d 732; *Hayes* v. *Gessner* (1944), 315 Mass. 366, 52 N. E. 2d 968; *Voorheis* v. *Peoples Mut. Ben. Soc.* (1892), 91 Mich. 469, 51 N. W. 1109; *Croop* v. *Odette* (1960), 219 NYS 2d 805; *Douglass* v. *Douglass* (Okla. 1947), 188 P. 2d 221; *McMeekin* v. *Prudential Ins. Co. of America* (1944), 348 Pa. 568, 36 A. 2d 430; *Armstrong* v. *Levan* (1885), 109 Pa. 177, 1 A. 204; *Wolf* v. *S. H. Wintman Co.* (1961), 92 R. I. 470, 169 A. 2d 903; *Kraus* v. *Morris* (Tex. 1922), 245 S. W. 450; *McLaughlin* v. *Blake* (1957), 120 Vt. 174, 136 A. 2d 492; *Kreielsheimer* v. *Berryman* (1915), 85 Wash. 175, 147 P. 871.

We now respond to the prophecy and promise held out in the *Donnella* and *Schuldt* cases, *supra,* and to the wisdom and justice of the cases cited and quoted from emanating from other jurisdictions and now hold that the trial court erred in sustaining defendant-appellee's demurrer to plaintiff's reply and in entering judgment for defendant-appellee.

The decision is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Buchanan, Lowdermilk, and Robertson, JJ., concur.

NOTE.—Reported in 270 N. E. 2d 884.