Debra TAYLOR, Appellant
(Plaintiff Below),

v.

Joyce White JENSEN, Appellee
(Defendant Below).

No. 4–884A229.

Court of Appeals of Indiana,
Fourth District.

March 12, 1985.
Rehearing Denied April 12, 1985.

Spangler, Jennings, Spangler & Dougherty, P.C., Valparaiso, for appellee (defendant below); Samuel J. Bernardi, Robert P. Stoner, Valparaiso, of counsel.

Steve Lustina, Levinson, Lustina & Kautz, Merrillville, for appellant (plaintiff below).

CONOVER, Judge.

Appellant Debra Taylor (Taylor) sued for damages for injuries she suffered in an automobile accident. One year after the statute of limitations had run, she sought to amend her complaint to add a new defendant. Three months later she sought to add a third defendant. The court denied both motions to amend and then entered summary judgment against Taylor as to the original defendant. Taylor appeals the denial of her motions to amend.

Affirmed.

ISSUES

Taylor presents two issues for our review:

1. Did the trial court err in refusing to allow the plaintiff to amend her complaint to include a necessary party after the statute of limitations had expired?

2. Did the trial court err in refusing to allow the plaintiff to amend her complaint to include the defendant's insurance company?

FACTS

On March 1, 1978, Taylor was injured when her automobile collided with one driven by Beth E. White (White). White was driving a vehicle owned by her mother, Joyce Jensen (Jensen), appellee/defendant in this action. White died as a result of the accident.

On February 29, 1980, Taylor sued Jensen as owner of the vehicle on a theory of vicarious liability based on agency. The complaint named White as driver of the vehicle but stated no cause of action against her. On March 25, 1981, more than one year after the statute of limitations had run, Taylor sought to amend her complaint to join White, the driver, as a defendant. The court denied Taylor's motion on May 4. On June 5, Taylor again sought to amend her complaint, this time to join White and Safeco Insurance Co. (Safeco) as defendants. This motion also was denied on October 22, and summary judgment entered for Jensen.

DISCUSSION AND DECISION

I. *Joinder of Beth E. White*

Taylor first contends Ind.Rules of Procedure, Trial Rule 15(C) provides for amendment of a complaint to add a defendant. She further claims such amendment would relate back to the date of the original pleading thus putting it before the statute of limitations had run, citing *Benke v. Barbour* (1983), Ind.App., 450 N.E.2d 556 and *Lamberson v. Crouse* (1982), Ind.App., 436 N.E.2d 104. As to the facts presented here, however, we disagree.

Both *Benke* and *Lamberson* are distinguishable. In *Benke* the amendment sought to add an additional plaintiff to the action, but the cause of action remained the same. Therefore, the defendant was not prejudiced by the amendment in *Benke*. The cause of action he was required to defend against did not change. He had been notified he was being sued based on that cause of action. Here, however, Taylor seeks not to add a plaintiff, but to add

White as a defendant. In addition, the original complaint stated a cause of action based on an agency theory. To amend the complaint to add White as a defendant would necessarily have interjected a new cause of action. Such introduction would prejudice White's position.

In *Lamberson* the question of whether T.R. 15(C)'s relation back provision can be applied as to the initial pleading was not decided by the court. The decision there hinged on the use of a T.R. 12(B)(6) motion by defendants to challenge the amendment. Our court held the T.R. 12(B)(6) motion was not the proper vehicle to contest a T.R. 15(C) amendment, reversing on that basis.

Further, as to the facts before us, Taylor fails to establish the requirements of T.R. 15(C) were met. It provides, in pertinent part,

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment:
>
> (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; and
>
> (2) knew or should have known that *but for a mistake concerning the identity of the proper party, the action would have been brought against him* .... (Emphasis supplied).

As our supreme court recently stated when interpreting T.R. 15(C):

> It is clear that Ind.R.Tr.P. 15(C) contemplates the newly named defendant will have received notice of the institu-

tion of the action such that he will not be prejudiced in maintaining his defense on the merits. It is equally clear the rule contemplates that such a defendant knew or should have known that but for a mistake concerning the identity of the proper party the action would have been brought against him.

*Czarnecki v. Lear Siegler, Inc.* (1984), Ind., 471 N.E.2d 299, 301.

The original complaint here clearly shows Taylor was aware at the time of filing Jensen was not the driver. The complaint states Jensen merely owned the car and her daughter was the allegedly negligent driver,[1] yet a claim was filed only against Jensen on an agency theory. There was no mistake on Taylor's part as to the driver's identity. Because there was no mistake as to the proper party, T.R. 15(C) is not applicable. The trial court did not err by denying Taylor's motion.

## II. Joinder of Safeco

Taylor next claims Safeco, Jensen's insuror, by fraudulently indicating a willingness to settle, tolled the statute of limitations and created a right to bring action directly against Safeco, citing *Marcum v. Richmond Auto Parts Co.* (1971), 149 Ind. App. 120, 270 N.E.2d 884. Thus, she opines, the trial judge erred by denying her T.R. 15(C) motion to amend her complaint to join Safeco as a defendant. Again, we disagree.

A factual difference between *Marcum* and the instant case renders *Marcum* distinguishable. In *Marcum*, the insurance company fraudulently told the plaintiff payment would be made for medical expenses, they would make a fair cash settlement, and specifically requested plaintiff not to consult an attorney. The court in *Marcum* held the statute of limitations had been tolled on a theory of equitable estoppel because the insurance company prevented plaintiff's inquiry as to his legal

---

1. Taylor's complaint states, in pertinent part:

    .        .        .

   1. That at all times herein mentioned, the defendant, JOYCE WHITE JENSEN, was the owner of an automobile then and there being operated by her daughter and agent in an Eastbound direction on Interstate highway 94....

rights. Stating it cannot seriously be contended one could surrender a legal right of which he has no knowledge, the court found the defendant or his agents by their fraud prevented the plaintiff from learning of his legal rights. Thus, it was estopped from claiming such rights were surrendered. *Marcum, supra,* 149 Ind.App. at 125, 270 N.E.2d at 886.

Here, however, there is no evidence Safeco's act kept Taylor from discovering her legal rights. The record indicates at all times Safeco negotiated with Taylor's attorney, not directly with Taylor. Indeed, Taylor's brief on appeal states the action was filed to protect Taylor's cause from operation of the statute of limitations, clear proof she and her attorney were well aware of her rights and responsibilities. The trial judge was correct in refusing Taylor's T.R. 15(C) motion to amend as to Safeco.

Affirmed.

MILLER, P.J., and YOUNG, J., concur.