**Jesus PARAMO and Santa Paramo, Appellants (Plaintiffs Below),**

**Foss, Schuman, Drake & Barnard, doing business in Indiana as Cohen, Foss, Schuman & Drake, Intervenor Below,**

**v.**

**Roger D. EDWARDS, Artim Transportation Systems, Inc., and Steel and Machinery Transport Co., Inc., Appellees (Defendants Below).**

**No. 37A04–8802–CV–55.**

Indiana Court of Appeals, Fourth District.

Aug. 7, 1989.
Rehearing Denied Oct. 11, 1989.

Carmen A. Fernandez, Kowalski, Szarmach & Fernandez, East Chicago, for appellants.

Peter C. Bomberger, Friedrich, Bomberger, Tweedle & Blackmun, P.C., Highland, for intervenor-appellant.

Mark D. Gerth, Kightlinger & Gray, Indianapolis, for appellees.

CHEZEM, Presiding Justice.

### Statement of Case

Jesus and Santa Paramo, plaintiffs below, appeal the summary judgment favoring defendants below, Roger Edwards, Artim Transportation Systems, Inc., (AIE), and Steel and Machinery Transport Co., Inc. We reverse and remand.

### Issue

Does a genuine issue of material fact exist as to whether an agreement between AIE and the Paramos was reached which provided that AIE would not use the statute of limitations defense.

## Facts

On or about September 6, 1983, the Paramos sustained personal injury and property damage when they were rear-ended by a tractor truck and semi-trailer driven by Edwards while he was in the employ of Artim Transportation Systems, Inc., a corporation subsequently acquired by Steel and Machinery Transport Company, Inc. All three are appellees and were insured by AIE.

About a year after the accident, the Paramos obtained counsel to negotiate a personal injury and property damage settlement with AIE. The Paramos' counsel, an attorney with Cohen, Foss, Schuman & Drake, conducted settlement negotiations with AIE before and after the statute of limitations ran.

On or about July 23, 1985, the Paramos' counsel told AIE that "he thought it would be unwise to file suit and incur litigation expenses" now. (*See* R. 8). "He and the adjuster agreed that no lawsuit would be required as long as the parties remained in contact with one another and due diligence was used to obtain the information necessary" to settle. (*See* R. 8). According to the Paramos' counsel, he and the AIE adjuster "agreed not to file suit until all efforts at settlement had been exhausted." (*See* R. 8).

On August 29, 1985, before the statute of limitations ran, the property damage claim was settled and paid by AIE to the Paramos. At this time, AIE also requested all medical bills which were relevant to the personal injury claim. Personal injury settlement negotiations continued for several weeks after the statute ran. On October 31, 1985 (after the statute ran), the Paramos' counsel made settlement demands to AIE. On December 16, 1985, AIE informed the Paramos that AIE would rest on the affirmative defense of the statute of limitations and would not involve itself in any further settlement negotiations.

On December 27, 1985, Paramos' counsel filed a complaint for the Paramos' personal injuries. AIE countered with a motion to dismiss based on the statute defense. The Paramos then filed additional evidence with the trial court alleging that an oral agreement and settlement negotiations had occurred which equitably estopped AIE from using the statute of limitations defense.

The Paramos obtained other counsel, Carmen Fernandez, and sued Cohen, Foss, Schuman & Drake for legal malpractice based on their failure to file the Paramos' complaint before the statute ran. On February 8, 1988, Cohen, Foss, Schuman & Drake joined the Paramos' complaint as an intervening party.

The trial court granted AIE's motion for dismissal, but treated it as a motion for summary judgment. The Paramos now appeal the granting of AIE's summary judgment.

## Discussion

Motions for summary judgment are properly granted only when the pleadings and all other matters of record reveal that there is no genuine issue of a material fact and that the moving party is entitled to judgment as a matter of law. *Barnd v. Borst* (1982), Ind.App., 431 N.E.2d 161, 165. To decide whether such an issue exists, the court must accept as true those facts alleged by the nonmoving party and resolve any doubt against the moving party. *Id.* at 165.

We hold that there remains a genuine issue of material fact as to whether an agreement between AIE and the Paramos was reached that AIE would not use the statute of limitations defense. Once this question of fact is determined, then the trial court may reach the issue of whether equity should step in to disallow AIE's use of the statute of limitations defense.

It is true that there was no duty for AIE to admonish the Paramos or their counsel that the statute of limitations was about to run. And, without a duty, equity will usually not step in to estop AIE from using the statute as a defense. *Collins v. Dunifon* (1975), Ind.App., 323 N.E.2d 264, 267. But, a party may, "by express agreement or through his conduct, place himself in a position where he cannot later assert the expiration of a statute of limitation as a defense." *Martin v. Levinson* (1980), Ind. App., 409 N.E.2d 1239, 1242. The Paramos

admit that there was no written agreement between AIE and themselves. However, they assert and provide evidence that an oral agreement was made. AIE, in turn, does not present any evidence that rebuts the allegation that such an oral agreement was made.

The Paramos contend that "it may reasonably be inferred that the defendant had promised not to interpose the defense of limitations." The Paramos support their contention with their counsel's affidavit (*See* R. 8). On July 23, 1985, their counsel told an AIE adjuster during a telephone conversation "that he thought it would be unwise to file suit and incur litigation expenses on a claim that might have either great value or small value. . . ." The affidavit then states, "he and the adjuster agreed that no lawsuit would be required as long as the parties remained in contact with one another' and due diligence was used to obtain the information necessary. . . . During the conversation, he and the adjuster agreed not to file suit until all efforts at settlement had been exhausted." (*See* R. 8.)

We note that the record fails to show that the Paramos' counsel explicitly asked AIE to agree not to use a statute of limitations defense should the negotiations continue past the two-year limitation deadline. Also, the record does not reflect that AIE explicitly told the Paramos' attorney that AIE would waive the defense. However, these factors alone are not dispositive.

The Paramos next contend that the "only reasonable conclusion that can be drawn from the fact that negotiations *did* continue after the limitations period had passed is that the adjusters themselves believed that they had agreed not to assert the statute of limitations." Even though actions the adjusters took after the statute ran do not resolve the issue, because only actions taken before the statute ran could have affected the Paramos' belief regarding an alleged agreement made at that time to waive the statute, such actions do reflect AIE's intentions.

The Paramos then argue that "even if the adjusters did not expressly promise not to assert the defense, they requested that suit not be filed pending the negotiations." The Paramos support this argument by reference to the Record, p. 8, which includes the quotation from their counsel's affidavit that "[h]e and the adjuster agreed that no law suit would be required as long as the parties remained in contact with one another. . . ." Even though the affidavit does not include AIE's direct request for the Paramos not to file suit, such a request may reasonably be inferred.

The Paramos then refer to *Continental Insurance Company v. Thornburg* (1966), 141 Ind.App. 554, 219 N.E.2d 450, a case allowing invocation of equitable estoppel to disallow an insurance company from asserting a statute of limitations defense when the insured had employed counsel and no written waiver agreement was made. In *Continental,* an attorney negotiated a settlement with an insurance company for its injured client. The insurance policy contained a twelve (12) month limitation period within which an insured must file suit against the insurer after an injury. The insured's negotiations, via his attorney, were in full swing when the twelve month period neared its end and the insurer wrote a letter to the insured's attorney, which stated:

> In reply to your [June 28, 1960 demand] letter . . . this claim was investigated . . . and we are asking our adjuster to contact you . . . to review this claim. . . .

This court held that the content of the June 28, 1960 letter had "only one reasonable interpretation as a matter of law": the twelve month limitation period was suspended from the time the insurer received the demand letter until the adjuster contacted the insured to discuss the claim as the letter promised. Thus, about three months were tacked onto the end of the twelve (12) month limitation period. The *Continental* rule may be applicable here even though the *Continental* limitation period was a contract term and not a law, as is the statute of limitations. The statements the Paramos' attorney referred to in his affidavit may suspend the limitation period. However, a question of fact re-

mains as to whether an agreement was actually reached.

We reverse summary judgment and remand for trial.

MILLER, J., concur.

CONOVER, J., dissents with separate opinion.

CONOVER, Justice, dissenting.

I respectfully dissent.

First, Trial Rule 56(E) states: "Supporting and opposing affidavits shall be made on personal knowledge, *shall set forth such facts as would be admissible in evidence*, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." T.R. 56(E) (emphasis added); *McMahan v. Snap On Tool Corp.* (1985), Ind.App., 478 N.E.2d 116, 122; *Indiana University Hospitals v. Carter* (1983), Ind.App., 456 N.E.2d 1051, 1057. These bedrock requirements are not altered by the rule all doubts must be resolved in favor of the nonmoving party. *Loudermilk v. Casey* (1982), Ind.App., 441 N.E.2d 1379, 1385, citing, *Coghill v. Badger* (1982), Ind.App., 418 N.E.2d 1201, *reh. denied*, 430 N.E.2d 405 at 406, a case turning on similar facts. Portions of affidavits containing conclusory facts or conclusions of law cannot be used to support or oppose a motion for summary judgment. *Coghill, supra*, 430 N.E.2d at 406.

In denying rehearing, the *Coghill* court held defendant could assert the statute of limitations against plaintiff because plaintiff's attorney's affidavit contained only statements of conclusory fact. *Coghill, supra*, at 406–407. The affidavit there stated:

> [I]t was understood from the conversation with Mr. Scott of October 5, 1976, that this affiant should recontact Mr. Scott to discuss settlement of the claim when plaintiff had completed the medical treatment and we had necessary information on the medicals and specials to evaluate the claim.

Here, the Paramos were represented by Stephen B. Cohen (Cohen). Cohen's allegation he and the adjuster agreed no lawsuit would be (1) required, and (2) filed "until all efforts at settlement had been exhausted" is nothing more than a statement of Cohen's understanding of the situation, as was the case in *Coghill*. Accordingly, I would affirm the trial court. *Havert v. Caldwell* (1983), Ind., 452 N.E.2d 154, 157; *State v. Mileff* (1988), Ind.App., 520 N.E.2d 123, 125; *Gorski v. Deering* (1984), Ind. App., 465 N.E.2d 759, 761.

Next, the trial court correctly entered summary judgment against the Paramos's. While equitable estoppel will prevent a defendant from asserting a statute of limitation as a defense in an action where defendant by fraud or other misconduct prevents a party from commencing his action beyond the time allowed by law, *Barnd v. Borst* (1982), Ind.App., 431 N.E.2d 161, 166; *Martin v. Levinson* (1980), Ind.App., 409 N.E.2d 1239, 1242; *Collins v. Dunifon* (1975), 163 Ind.App. 201, 323 N.E.2d 264, 267; *Donnella, Admrx. v. Crady* (1962), 135 Ind.App. 60, 185 N.E.2d 623, 625, facts warranting imposition of that doctrine must be present. An equitable estoppel arises when the facts demonstrate

> (1) a false representation or concealment of material facts made with actual or constructive knowledge of the true state of facts; and
>
> (2) the representation is made to one without knowledge or reasonable means of knowing the true facts with the intent he or she will rely on it; and
>
> (3) the second party must rely or act upon such representation to his or her detriment.

*Coghill, supra*, 418 N.E.2d at 1208–1209. *See also Hollins v. Yellow Freight System* (1984), 590 F.Supp. 1023 (court granted defendant's motion for summary judgment finding defendant's representation he was willing to settle the case for $6,000 to $7,000 and defendant would get back to plaintiff with the precise settlement amount did not raise a material issue of fact.)

Here, the insurance adjuster did not make a false representation or conceal a material fact. To be actionable a representation must be of an affirmative character

and fraudulent. See e.g. *Barnd, supra,* at 166. The Paramos's affidavit merely shows the parties were attempting to settle a potential lawsuit, and nothing more. As a matter of law, settlement negotiations do not give rise to a reasonable inference the insurance carrier will not rely on the statute of limitation as an affirmative defense. *Collins, supra,* at 267. Accordingly, I would affirm the trial court on the basis those negotiations including the alleged agreements do not establish affirmative conduct calculated to mislead or lull the plaintiff into inaction.

Also, the second prong of the *Coghill* test requires a defendant to be without knowledge of the true facts. Here, Cohen knew or had the capability to ascertain the true facts, namely, the statute of limitation was about to run its course. To find equitable estoppel, the misrepresentation or fraud must be of such a character as to prevent inquiry or elude investigation or to mislead and hinder the party who has the cause of action from obtaining the necessary information by the use of ordinary diligence. *Barnd, supra,* at 166; *see also Taylor v. Jensen* (1985), Ind.App., 475 N.E.2d 315, 317–318 (plaintiff's attempt to add additional parties after the statute had run because defendant negotiated with plaintiff's attorney without evidence defendant kept plaintiff from discovering her legal rights and responsibilities denied). Where facts are equally accessible to both parties, estoppel will not be applied. *Barnd, supra,* at 168.

The Paramos were at all times represented by an attorney. This is not a case such as *Marcum v. Richmond Auto Parts Co.* (1971), 149 Ind.App. 120, 270 N.E.2d 884, where the insurance company was dealing with unrepresented "guileless and trusting plaintiffs," *Id.* at 886. This case is analogous to the facts in *Taylor* where plaintiffs were represented by counsel at all times and bargained at arm's length.

For those reasons I would affirm the trial court in all things.